524 P.2d 169

Carlos WALKER and Winifred Walker (Watkins,) brother and sister, Plaintiffs and Appellants,

v.

The IDAHO BOARD OF HIGHWAY DIRECTORS as Administrators of the State of Idaho Department of Highways, Defendants and Respondents.

No. 11216.

Supreme Court of Idaho.
July 10, 1974.

[1]. Appellants' Brief, page 3.

**42**

Roger D. Cox, of Cox & Fanning, Idaho Falls, for appellants.

Faber F. Tway, Chief Legal Counsel, Dept. of Highways, Boise, for respondents.

SHEPARD, Chief Justice.

This is an appeal from summary judgment entered in favor of defendant in an action for damages in which plaintiffs alleged that the defendant's agent had fraudulently misrepresented facts and thereby induced plaintiffs to convey certain real property to the defendant.

Plaintiffs-appellants Walker and Watkins owned a farm in Bonneville County, Idaho. A 36 acre portion of that farm was separated from the remainder by a railroad track running through the farm. In 1965 Petterson, a right-of-way acquisi-

tion agent for the defendant-respondent entered into negotiation with Walker and offered to purchase the 36 acre tract for $600 per acre. No sale was however consummated since Walker believed the land was worth $1,000 per acre if used as a material source.

Thereafter, the construction of Interstate Highway 20 was approved and planned. A different right-of-way agent, but also named Peterson, again contacted appellants and entered into negotiations, this time seeking to purchase only a portion of the 36 acre tract. The portion then sought to be purchased by the Highway Department consisted of a 10 acre strip lying immediately west of the railroad to be used as a right-of-way for the construction of the highway. Appellants apparently favored the sale of the entire 36 acre tract if a satisfactory price could be obtained. It is clear that if the state did not purchase the entire 36 acre tract that some 26 acres would thereafter be isolated from the bulk of the farm, not only by the pre-existing railroad line but also by the construction of the interstate highway on the 10 acre strip paralleling the railroad.

Walker then stated in his deposition (and for the purposes of this appeal his statements must be accepted as truthful, Rawlings v. Layne & Bowler Pump Co., 93 Idaho 496, 465 P.2d 107 (1970); Southern v. Southern, 92 Idaho 180, 438 P.2d 925 (1968),) that during the course of the negotiations the right-of-way agent informed Walker that the state could not utilize the 26 acre remainder for a material source because other adequate material sources had already been acquired.

In June 1968 appellants retained an attorney and thereafter the Highway Department and its agents dealt directly with that attorney. Both Walker and the attorney deposed that in 1969 they had conversations with the agents of the state and they were told again that the state had adequate material sources and therefore were not interested in acquiring the 26 acre remainder.

Thereafter a still third right-of-way acquisition agent, Smith, entered into negotiations and raised the offer for the 10 acre strip to $11,800. Appellants still did not desire to sell because of the severance of the isolated 26 acre remaining tract.

The state thereafter entered into negotiations with a neighboring landowner wherein the state sought to purchase the entire 36 acres from Walker and exchange the unneeded 26 acres with the neighboring landowner in return for right-of-way through the neighbor's property. Those negotiations failed and appellants' attorney informed the respondent that all negotiations would be terminated unless the state would buy the entire 36 acre tract.

Thereafter the state began searching for an alternate reason to justify the state's purchase of the entire 36 acre tract. It was decided to purchase the entire tract and use the 26 acre remaining land as a materials source. Neither the appellants nor their attorney was told of the new intended use. Walker, however, asserts that he would not have sold the land at the then agreed price had he known of the state's intention to use it as a material source.

In June 1969 appellants executed deeds transferring the ownership of the entire 36 acre tract in two parcels, to the state for a total consideration of $23,000. None of the instruments evidencing the conveyance contained any provisions restricting the state's use of any part of the land. In July 1969, during a conversation with a right-of-way agent, Walker learned that the 26 acres were to be used as a material site. In a letter of transmittal accompanying the state's warrants for payment there was contained an indication that the 26 acre parcel was to be used as a source of materials. Appellants retained possession of all of the land until November 1, 1969. No effort was made to challenge the transaction or the conveyance until July 1970 when the attorney attempted to obtain additional compensation. When that attempt failed appellants sued the state, alleging fraudulent misrepresentation and seeking damages therefor.

Respondents sought summary judgment. The district court issued a memorandum opinion stating that the cause of action was barred since it arose prior to judicial abrogation of the state's sovereign immunity from tort actions. Summary judgment was granted and the trial court dismissed the action with prejudice upon August 8, 1972.

Appellants argue that the trial court erred in holding that the appellants' cause of action was barred by reason of sovereign immunity and also assigned error in granting summary judgment and dismissing the action without leave to amend.

■ It is clear that appellants' cause of action arose no later than July 1969. This court in Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970) abolished the doctrine of sovereign immunity as a valid defense to tort actions brought against the state. Subsequent decisions make it clear that *Smith* did not apply retroactively. Dawson v. Olson, 94 Idaho 636, 496 P.2d 97 (1972); Rathbun v. Department of Highways, 94 Idaho 700, 496 P.2d 937 (1972); Black v. Peter Kiewit Sons' Co., 94 Idaho 755, 497 P.2d 1056 (1972). Appellants' action for fraudulent misrepresentation is barred by the doctrine of sovereign immunity.

Appellants also argue that the state waived its sovereign immunity by authorizing the board to negotiate and contract for purchase of rights-of-way and material sources. I.C. § 40–120 authorizes the highway board to:

"(1) Contract fully * * * with respect to the rights, powers and duties vested in the board * * *

\* \* \* \* \* \*

"(9) Purchase, condemn or otherwise acquire (including exchange), any real property * * * deemed necessary by the board for present or future state highway purposes.

\* \* \* \* \* \*

"(23) Purchase, lease or otherwise acquire * * * lands for the purpose of

securing therefrom road making materials."

The provisions of I.C. § 40-120 are an insufficient basis upon which to find a legislative waiver of sovereign immunity for a tort action arising from alleged fraudulent misrepresentation made while acquiring lands for highway purposes. The statutory waiver of immunity by the state must be express. Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609 (1957).

Appellants argue further that the immunity of the state has been waived by article 1, section 14 of the Idaho Constitution as construed in Renninger v. State, 70 Idaho 170, 213 P.2d 911 (1950). We do not agree. In *Renninger* the court held only that when real property was "taken" by the state without any compensation, such conduct resulted in a cause of action on behalf of the landowner in "inverse condemnation." In *Renninger* the state highway department had caused to be constructed a bridge across the Palouse River. Such construction allegedly caused a flooding of plaintiff's land. The court therein held that the failure of the state to institute condemnation proceedings to acquire plaintiff's flooded land justified plaintiff's action under the provisions of article 1, section 14 of our constitution which set forth that private property may be taken for public use only if a just compensation "to be ascertained in the manner prescribed by law" was paid therefor.

An analysis of *Renninger* and its progeny—i. e., Mabe v. State, 83 Idaho 222, 360 P.2d 799 (1961), and Hughes v. State, 80 Idaho 286, 328 P.2d 397 (1958), requires the conclusion that *Renninger* only authorized inverse condemnation actions against the state. The court therein stated:

"We hold that the waiver of immunity applies only with respect to eminent domain proceedings and we do not depart from the rule heretofore announced in tort actions." 70 Idaho at 179, 213 P.2d at 916.

Appellants also argue that Grant Construction Co. v. Burns, 92 Idaho 408, 443 P.2d 1005 (1968) authorizes the instant action and demonstrates the error of the trial court's ruling herein. In *Grant* it was held only that when the state enters into legislatively authorized contracts it has consented to be sued for *breaches of its contractual obligations,* and cannot invoke sovereign immunity as a defense to an *action for breach of contract.*

It was repeatedly stated in *Grant* that the decision therein was framed within the borders of actions for contract. Nothing in *Grant* can be construed as stating either expressly or impliedly that the state had in any sense waived its immunity to tort actions for fraudulent misrepresentations. We have examined the extrajurisdictional authorities cited by appellants in furtherance of their *Grant* argument and find them to be inapplicable to the instant case. Those cases dealt with fact situations in which the state had entered into a contract (usually a construction contract) with an individual and then had breached one or more of its obligations contained in the contract. Rather obviously, such is not the fact situation presented in the case at bar. Herein plaintiffs have not alleged any breach of any promise contained in the contract. That contract was solely and simply a conveyance of real property by plaintiffs herein in return for the payment of certain sums of money by the state. That obligation of the state has been carried out. We note further that plaintiffs' action herein is founded in fraud and tort and seeks damages therefor.

Appellants also assign error in the dismissal of their action by the trial court without leave to amend. Appellants argue that the trial court erred in so granting summary judgment in that it should have allowed them leave to amend their complaint to allege theories of contract, warranty and estoppel. Even the most liberal reading of plaintiffs' complaint fails to provide a basis of construction that these theories were pleaded. We agree with appellants that amendment should be freely allowed where justice would be served

thereby. I.R.C.P. 15(a). Nevertheless, appellants have not pointed out nor has our own examination revealed that appellants ever filed a motion to so amend the complaint. In the absence of such a motion we find no error in the action of the district court and the judgment of dismissal is affirmed.

Costs to respondent.

DONALDSON, McQUADE, McFADDEN, JJ., concur.

BAKES, J., concurs in the result.