559 P.2d 1136

Joseph E. MYERS, and Edna M. Myers, husband and wife, Plaintiffs-Appellants,

v.

CITY OF POCATELLO, a Municipal Corporation of the State of Idaho, et al., Defendants-Respondents.

No. 11491.

Supreme Court of Idaho.

Feb. 9, 1977.

Vern E. Herzog, Jr., and Billy B. Isley, Jr., Pocatello, for plaintiffs-appellants.

Merrill & Merrill, Dave Gallafent, Pocatello, for respondents City of Pocatello and Jay H. Jensen.

F. L. Ringe, Pocatello, for respondent Union Pacific R. Co.

McFADDEN, Chief Judge.

This litigation arose as a result of an altercation on Union Pacific Railroad property in Pocatello, Idaho, on September 25, 1967. The altercation involved Joseph E. Myers, plaintiff and Warren Tyler, defendant, a Union Pacific employee. (Note that Tyler has neither appeared in this action nor been served with process.) In the complaint, it is alleged that following this fight, Tyler filed a criminal complaint in justice court on grounds of assault. It is further alleged that Myers was subsequently arrested on the criminal complaint of defendant Jay Jensen, a city police officer.

On June 11, 1970, the criminal complaint was dismissed by the district court. On Monday, June 12, 1972, Myers filed the present complaint against Tyler, Union Pacific, Jensen, and the City of Pocatello, seeking damages for physical injuries and pain and suffering as well as lost wages, damages to clothing and attorneys' fees. The district court dismissed the action as against all named defendants on the basis that the applicable statutes of limitations had run. Appellants claim that the trial court erred in dismissing the action because the facts as alleged in the complaint are sufficient to allow a claim of relief for malicious prosecution to be inferred, which they maintain would not be barred by the statute of limitations provision because it was timely filed.[1] Appellants do not assign as error the dismissal of possible claims of false arrest, false imprisonment and assault and battery. In addition, no issue is raised on this appeal as to the propriety of raising the affirmative defense of the bar of the statute of limitations by a 12(b) motion to dismiss.

The language in the complaint in which appellants maintain a claim of malicious prosecution can be found reads as follows:

"That on to-wit, September 25, 1967, the said defendant Tyler assaulted, struck and beat the plaintiff Myers and inflicted severe and permanent bodily injury upon him and such assault was committed on the property of the defendant railroad company in Pocatello, Idaho; that thereafter the said defendant Tyler filed a criminal complaint against the plaintiff Myers in the Justice Court of Pocatello Precinct, Bannock County, Idaho; that thereafter the plaintiff was arrested and thrown in Pocatello City Jail upon the Complaint of the defendant Jay Jensen instigated by the defendant Warren R. Tyler, Jr. and without knowledge or probable cause on the part of said defendant Jay Jensen."

"That no prosecution Under said Complaint was ever held and on the 11th day of June, 1970, said criminal cause was dismissed by Honorable Gus Carr Anderson, District Judge, of the above Court for lack of prosecution."

The elements of malicious prosecution have been stated by this court as follows: (1) that there was a prosecution, (2) that it terminated in favor of the plaintiff, (3) that the defendant was the prosecutor, (4) that the defendant was actuated by malice, (5) that there was want of probable cause, and (6) that damages were sustained. *Russell v. Chamberlain,* 12 Idaho 299, 85 P. 926 (1906); *Howard v. Felton,* 85 Idaho 286, 379 P.2d 414 (1963); *Robinson v. White,* 90 Idaho 548, 414 P.2d 666 (1966). As a general rule a claim of relief for malicious prosecution accrues at, and the limitations run from, the date on which the prosecution was terminated. See *Babb v. Superior Court of Sonoma County,* 3 Cal.3d 841, 92 Cal.Rptr. 179, 479 P.2d 379 (1971); *Muller Fuel Oil Co. v. Ins. Co. of No. America,* 95 N.J.Super. 564, 232 A.2d 168 (1967). In the present case, the criminal complaint against the appellant was dismissed on June 11, 1970. The statute of limitations could not, therefore, begin to run until that date. Since the present complaint was filed on June 12, 1972, appellants did comply with the four-year limitations provision of I.C. § 5–224.[2]

The basic issue before this court is, therefore, whether a claim of malicious prosecution is sufficiently set forth by the language of the complaint. Considering the foregoing elements of malicious prosecution, it is clear that this complaint does not fully set them forth. The complaint fails to allege that the defendant(s) acted with malice, which appellants contend can be inferred from the language of the complaint. We disagree. A complaint which fails to allege a malicious intent of the plaintiff is not couched in terms of a claim

1. It should be noted that on this appeal, appellants are represented by counsel other than the attorney which represented them in the district court.

2. I.C. § 5–224, "Actions for other relief.—An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

of malicious prosecution. Since no claim of malicious prosecution is alleged, and since all other claims are barred by the respective statutes of limitations, the complaint was properly dismissed by the district court.

■ Appellants also maintain that they should be allowed to amend their complaint to include an allegation of malice. They made no such motion before the district court. This court has long held that a failure to move to amend a complaint in the lower court forecloses a plaintiff from raising the issue on appeal. In *Gough v. Tribune-Journal Co.*, 73 Idaho 173, 249 P.2d 192, 196 (1952), this court stated,

"The appellants did not ask leave to amend the complaint either before or after judgment. If the appellants were unjustly deprived of the right to amend, the question should have been raised in the district court and not for the first time on appeal. Where no application to amend is made and no amendments suggested, and where it affirmatively appears that the complaint could not be amended so as to state a cause of action, by innuendo or otherwise, and no suggested amendments, either before or after judgment, in the trial court are advanced, it is not error on sustaining the demurrer to dismiss the action." (Citations omitted).

This principle was restated in *Walker v. Idaho Board of Highway Directors,* 96 Idaho 41, 524 P.2d 169, 172 (1974).

"Appellants also assign error in the dismissal of their action by the trial court without leave to amend. Appellants argue that the trial court erred in so granting summary judgment in that it should have allowed them leave to amend their complaint to allege theories of contract, warranty and estoppel. Even the most liberal reading of plaintiffs' complaint fails to provide a basis of construction that these theories were pleaded. We agree with appellants that amendment should be freely allowed where justice would be served thereby. I.R.C.P. 15(a). Nevertheless, appellants have not pointed out nor has our own examination re-

vealed that appellants ever filed a motion to so amend the complaint. In the absence of such a motion we find no error in the action of the district court and the judgment of dismissal is affirmed.

Judgment is affirmed, costs to respondents.

DONALDSON and SHEPARD, JJ., concur.

BAKES, Justice, dissenting:

I dissent from the result reached by the majority for the reasons expressed in my special concurring opinion in *Dumas v. Ropp*, 98 Idaho 61, 558 P.2d 632 (1977), that trial courts should not consider the defense of statute of limitations based upon a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See also Duff v. Draper,* 96 Idaho 299, 527 P.2d 1257 (1974). Had the defendants been required to plead affirmatively the defense of statute of limitations, as I.R.C.P. 8(c) specifically requires, the applicability of a four year statute for malicious prosecution, rather than a two year statute for personal injury, would have become apparent, and the plaintiff could have easily amended his complaint to insert the magic word "malice" which even the majority recognizes would have been sufficient to satisfy the pleading requirements for a cause of action for malicious prosecution.

Speed in disposing of cases is a virtue, only if it is not accomplished at the expense of justice. This case represents another example of how a plaintiff, who may have had a good claim for relief, finds himself deprived of the chance to prove the merits of his claim because of our failure to require the clear mandate of I.R.C.P. 8(c) to be followed.

BISTLINE, Justice, dissenting.

The inartistically drawn complaint blends together allegations tending to establish a personal injury action arising out of the physical assault and also an action for malicious prosecution or false arrest. Paragraph VIII suffices to allege that the prosecution terminated in the favor of plaintiff—that there was no prosecution of the

criminal complaint under which plaintiff was arrested and jailed, in essence that the action was dismissed for lack of prosecution. The sole problem with the sufficiency of the complaint is that it nowhere avers that the defendants were actuated with malice. This is a defect in the pleading which the plaintiff could have readily remedied, given the opportunity.

The case never proceeded beyond the motion stage. The City of Pocatello and Jensen moved to dismiss on grounds of failure to state a claim, and on the basis that suit was barred by three enumerated statutes of limitations: I.C. § 5–219, the two-year personal injury statute; I.C. § 5–220, the one-year statute applicable to officers seizing, damaging, or detaining personal property; and I.C. § 5–224, *the four-year statute for other relief.* The Railroad moved to dismiss for failure to state a claim, and also on I.C. § 5–219 and § 5–224; additionally, the Railroad sought to invoke I.C. § 5–218, the three year statute applicable to trespass, trover, replevin, fraud, and the statutory liabilities.

I.C. § 5–220 and § 5–218 are inapplicable, leaving for consideration the other two. I.C. § 5–219 does bar the personal injury cause of action unless there be defenses to its application, a matter which is difficult to ascertain where the limitations defense is made on a 12(b) motion. This leaves for consideration the applicability of I.C. § 5–224, the four-year statute, which, as the majority points out, applies to a complaint sounding in malicious prosecution or wrongful arrest.

Other than the dismissal of the criminal action filed against plaintiff, every other act or occurrence here involved took place more than four years prior to the filing of the complaint. Where the defendants were careful to plead the four-year statute, as well as the two-year statute, it is readily apparent that they did so with full realization that they were faced with a malicious prosecution action as well as a personal injury action. This is fortified by an allegation of the complaint that plaintiff was specially damaged for "attorneys fees for

his defense in said criminal action in the amount of $325.00." Also, it is most important to note that the defendant Railroad raised the bar of the statute of limitations as a defense *only to "the alleged assault."* Following the pleading of the three statutes, separately set forth as paragraph 4 of its motion, it says this:

"That on the face of the complaint there is no allegation that this defendant was in any way connected with the charges or prosecution under the criminal complaint."

The trial court, in dismissing the complaint, did not pass upon the sufficiency of the allegations of the complaint to state a claim for relief on either theory, or at all. In fact, aside from the Railroad's manner of stating its motion, there is nothing in the record to indicate that the trial court considered any allegation other than a personal injury claim. His order of dismissal, drawn for his signature by counsel for the City and Jensen, states only that the dismissal motions are "allowed on the grounds that the *Statute of Limitations* has run against all the parties." From this use of the singular, it may very well be that the trial court dismissed solely on the applicability of the two year limitation of I.C. § 5–219.

Had the trial court ruled that the "Statutes" had run, both I.C. § 5–219 and § 5–224, then the dismissal order would clearly incorporate the erroneous premise that the four-year statute governing malicious prosecution actions had commenced running with the complaint, arrest, and incarceration. But the trial court did not declare that he found the complaint insufficiently stated—no matter what theory.

It is the majority who, here in this Court, put the plaintiff out of court because of his failure to adequately state a claim for relief. There is nothing whatever in the record to show that the trial court so ruled, so understood, or so concluded. The dismissal order speaks otherwise. Moreover, I am convinced, under our present day liberality of pleadings doctrine that, had the plaintiff's counsel brought the trial court to realize that there was an interwoven cause

of action for malicious prosecution, and had defense counsel then brought his attention to the omission of any allegation that the defendants were activated by malice, any order dismissing for failure to state a claim for relief would have allowed the usual time period in which to amend. I do not recall a case where a district judge entered a *final judgment of dismissal,* on a motion for failure to state a claim for relief, without automatically affording the opportunity of at least one amendment.

That is not to say that an action might not be dismissed without leave to amend where a trial court sees no way that an amendment could be made so as to state a cause of action, but that is another matter. This is exactly what did happen in *Gough v. Tribune-Journal Co.,* the last paragraph of which states:

"The trial judge was correct in his conclusion that the complaint failed to state a cause of action *and could not be amended so as to state a cause of action.*" (My emphasis.) 73 Idaho 173, 181, 249 P.2d 192, 196.

Nor should the *Walker* case be here applied to appellants' detriment. As noted in the majority opinion, *Walker* involved a dismissal on a motion for summary judgment, something different from the situation here—in *Walker* there existed ample opportunity to file an amended complaint. That same opportunity was not present here. In *Walker* the trial court ruled in a memorandum decision dated June 22, 1972, that the action would be dismissed, and asked for an order of dismissal to be drawn. The appellants in that case had over 45 days in which

to amend before dismissal was entered on August 8, 1972. Here, however, there was no such 45-day period of time, nor any period of time whatever; the court ruled and dismissed at the same time.

Dismissal admittedly would still leave the court with some jurisdiction, but only to entertain post-judgment motions. Among those motions is not one for leave of court to amend the complaint in an action which has been dismissed. I do not doubt for a moment that the trial judge here, in fact most trial judges, would allow a motion to reopen, in order that leave to amend the complaint could be sought. This procedure could be urged as proper under a liberal construction of I.R.C.P. 60(b). *See, Petty v. Petty,* 66 Idaho 717, 168 P.2d 818 (1946), wherein, under I.C. § 5–905 (now repealed), this Court held that it was error for the trial court to deny a motion to reopen the case so as to obtain leave to amend an answer.

But, I say only the Rules and interpretation of the Rules are not that clear, nor presently that well known, to exact of the appellants here that they were duty bound to have comprehended such a probable avenue when confronted with a final judgment of dismissal entered on a statute of limitations defense raised by a 12(b) motion.

I would reverse, and thereby afford the trial court an opportunity to hear plaintiffs on a motion to reopen pointed toward amendment of their complaint.