765 P.2d 126

**Michael C. BADELL,
Plaintiff–Appellant,**

v.

**Paul M. BEEKS,
Defendant–Respondent.**

**No. 16821.**

Supreme Court of Idaho.

April 8, 1988.

Rehearing Denied Dec. 30, 1988.

Crist & Barsotti, P.A., Ketchum, for plaintiff-appellant. Roger E. Crist argued.

Elam, Burke & Boyd, Boise, for defendant-respondent. Jeffery J. Ventrella argued.

BISTLINE, Justice.

This case against attorney Paul Beeks was the aftermath of an unsuccessful malpractice action against a dentist, Michael Badell, which Mr. Beeks brought on behalf of the dentist's patient, one Vaughn Hicks. In a summary judgment hearing, Dr. Badell sought dismissal on the basis that Hicks had failed to establish the applicable standard of care in malpractice actions, citing I.C. § 6–1012, through an expert witness. The district court, the Hon. Phillip M. Becker agreed, but denied Dr. Badell's motion on the condition Hicks supply such expert testimony within five weeks. Hicks did not do so, and summary judgment was granted dismissing her action against Dr. Badell.

Approximately one year later, Dr. Badell filed his action against Hicks and Beeks alleging malicious prosecution[1] and abuse of process. Hicks was voluntarily dismissed leaving Beeks as the sole defendant. Beeks moved for summary judgment contending that Dr. Badell had not produced evidence sufficient to establish the elements of his claim. Judge Granata agreed and granted the motion. We review his order.

Hicks first saw Dr. Badell in May of 1983 to determine whether she needed braces. He identified a nick in Hicks' tooth and remarked that he could correct the problem. He filed the tooth. Immediately following the filing, Hicks expressed no dissatisfaction. However, later that year, she was photographed while smiling which was necessary for her modeling and acting career. She examined the photos and concluded that the tooth ruined her smile for professional purposes.

Before she contacted Beeks, Hicks solicited advice from two other attorneys. One of them advised her that she might have a viable claim for professional malpractice.

She met with Beeks in November 1983. She showed him photographs of her before and after Dr. Badell's filing. She stated that another dentist had encouraged her to pursue the claim against Dr. Badell.

Hicks wrote to Beeks twice from California, in early 1984, to inform him that she had spoken to another dentist who advised her that the filing appeared to have been done irresponsibly. Following unsuccessful negotiations with Dr. Badell's insurance carrier, Beeks filed her action which would later end in dismissal as aforesaid.

While preparing for trial, Beeks located a dentist in Twin Falls, a Dr. Lincoln, who agreed to testify that Dr. Badell's work had fallen below the community standard of care pursuant to I.C. § 6–1012. However, on the night before the summary judgment hearing, Beeks learned that Dr. Lincoln would not sign an affidavit incorporating his views. Among other reasons for his retrogression, he stated that he could not comfortably testify after being informed that Hicks had filed on the tooth herself, thereby making it impossible to ascertain how much damage had been done by Dr. Badell and how much by her.

Dr. Badell's appeal seeks a determination whether the trial court ruled correctly that Beeks was not liable, as a matter of law, for malicious prosecution and/or abuse of process. In addition, both parties seek attorney fees on appeal.

## I.

■ Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). The moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Actions for malicious prosecution are not favored in law and, thus are limited by requiring the plaintiff to establish several elements. *Luther v. First Bank of Troy*, 64 Idaho 416, 133 P.2d 717 (1943). The elements are as follows: (1) That there was a prosecution; (2) That it terminated in favor of the plaintiff; (3) That the defendant was the prosecutor; (4) Malice; (5) Lack of probable cause; and (6) Damages sustained by the plaintiff. *Myers v. City of Pocatello*, 98 Idaho 168, 559 P.2d 1136 (1977).

---

1. This action was filed and carried forward on one count of malicious prosecution. As a civil action, however, it would be more correctly identified as one for wrongful civil proceedings. Malicious prosecutions are based on criminal proceedings. *See* generally, Restatement 2d of Torts §§ 653 et seq., 675 et seq. Since the actions are extremely similar as to elements to be proven, burden of proof, role of court and jury, etc., our opinion retains the trial court's, and counsels', designation of the suit as a malicious prosecution. The other count, abuse of process, is a well recognized civil remedy.

The trial court ruled only on the element of lack of probable cause. Having decided that Dr. Badell did not establish this element, the Court granted Beeks' motion for summary judgment without discussing the other elements. If the trial court was correct, there is no need for a discussion of the other elements at this level.

■ In an action for malicious prosecution (or wrongful civil proceedings) the court determines whether the defendant had probable cause for his action. Restatement 2nd of Torts § 681B(1)(c). The jury's role is limited to adjudicating the facts necessary to enable the court to determine the existence, or lack, of probable cause. *Id.* § 681B(2)(a). Where, as here, the record shows no conflict as to the investigation made by the defendant before filing the law suit, the issue may be resolved by the court as a matter of law.

Beeks argues that the presence or absence of probable cause is determined at the moment the action is filed, not later. "The plaintiff must also prove that the proceeding *was initiated* without probable cause." Prosser, Handbook of the Law of Torts, 4th ed, 1971, p. 854. (emphasis added). However, the Restatement speaks in terms of initiating *or continuing* the proceeding. Restatement Second of Torts § 662(c), Comment (f) states:

> The question of probable cause is to be determined in the light of those facts that the accuser knows or reasonably believes to exist at the time when he acts. His subsequent discovery of exculpatory facts does not indicate a lack of probable cause for initiating the proceedings, although he may make himself liable by subsequently taking an active part in pressing the proceedings.

*See also* § 675, Comment (c) adapting this comment to wrongful civil proceedings.

In a civil proceeding, the quantum of necessary probable cause is less than that required in a criminal action:

> [W]hen the proceedings are civil, while the person initiating them cannot have a reasonable belief in the existence of the facts on which the proceedings are based if he knows that the alleged facts are not true and his claim is based on false testimony, it is enough if their existence is not certain but he believes that he can establish their existence to the satisfaction of court and jury. In a word, the initiator of private civil proceedings need not have the same degree of certainty as to the relevant facts that is required of a private prosecutor or criminal proceedings. In many cases civil proceedings, to be effective, must be begun before all of the relevant facts can be ascertained to a reasonable degree of certainty. To put the initiator of civil proceedings to a greater risk of liability would put an undesirable burden upon those whose rights cannot be otherwise effectively enforced.

Section 675, Comment (d).

■ The law on probable cause was admirably applied to the facts before us by the able Fifth District judge whose opinion we adopt as our own:

> The evidence before the court shows, without contradiction, that the defendant had probable cause to bring the underlying suit on behalf of his client against the plaintiff. The record shows that prior to filing the complaint, the defendant viewed photographs showing Vaughn Hicks' smile before and after her visit to the plaintiff. (Deposition of Vaughn Hicks, May 6, 1986, pp. 13–14.) Vaughn Hicks explained to the defendant attorney that the plaintiff had filed her teeth without her consent, that she had received encouragement from another dentist to pursue this cause of action, and that the plaintiff's grinding had ruined her smile and destroyed her modeling career. (Deposition of Paul Beeks, pp. 12–13; and Deposition of Vaughn Hicks, May 20, 1986, p. 9.) The defendant also had the opportunity to observe the teeth about which Vaughn Hicks was complaining. Throughout these preliminary conversations, Vaughn Hicks informed the defendant that several dentists had told her that bonding would not correct the problem. (Deposition of Vaughn Hicks, May 20, 1986, pp. 23–24.) Also,

throughout this time, prior to the filing of the complaint, Vaughn Hicks spoke to the defendant of two teeth that had been filed by the plaintiff. (*See. e.g.*, Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Exhibit "A".) Prior to the deadline set by the court, the defendant also had an expert medical witness who was to testify that the plaintiff's conduct fell below the standard of care in the general community. (Deposition of Paul Beeks, p. 23.) It was only one day prior to the deadline that the defendant discovered that his expert witness would refuse to testify. (Deposition of Paul Beeks, p. 30.)

The plaintiff argues that the defendant lacked probable cause because he failed to obtain an expert opinion prior to the filing of the complaint. Although I.C. Sec. 6–1012 requires a plaintiff, as part of his or her case in chief, to obtain an expert to testify as to the standard of health care, obtaining this expert is not a prerequisite to the filing of an action. It is only in the plaintiff's case in chief, or in opposition to a summary judgment motion, if one is filed, that the plaintiff must produce such expert.

There are no factual disputes before the court as to the knowledge and facts the defendant knew at the time the complaint was filed. It is the attorney's reasonable and honest belief that the client has a tenable claim that provides the basis of the attorney's probable cause for representation, and not the attorney's conviction that the client must prevail. (citations omitted)

We affirm the trial court's ruling that Beeks possessed probable cause, as a matter of law, to initiate and carry forward the malpractice action against Dr. Badell.

## II.

Regarding the dismissal of Dr. Badell's abuse of process cause of action, the trial court analyzed the issue succinctly and accurately as set out below:

The essential elements of abuse of process are: (1) an ulterior, improper purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Bird v. Rothman*, [128 Ariz. 599] 627 P.2d 1097 (Ariz. App.1981) and *Bull v. McCuskey*, [96 Nev. 706] 615 P.2d 957 (Nev.1980). The plaintiff argues that the evidence shows that the malpractice complaint against the plaintiff was filed for the purpose of compelling a settlement, where no legal basis for the filing of the complaint existed. However, as discussed above, this court has concluded that the defendant attorney had probable cause for the filing of the malpractice complaint against Dr. Badell. Even assuming, arguendo, that a factual issue exists with regard to an ulterior, improper purpose, there is no evidence of subsequent misuse of process after it was lawfully issued. There is no showing of improper use of judicial process, in that settlement is one of the includable goals of proper process. *See Bickel v. Mackie*, 447 F.Supp. 1376 (N.D. Iowa 1978); *Bird v. Rothman*, [128 Ariz. 599] 627 P.2d 1097, 1100 (Ariz.App.1981); *Martin v. Trevino*, 578 S.W.2d 763 (Texas Civ.App.1978). This court, therefore, concludes that the defendant attorney is also entitled to summary judgment on the abuse of process claim.

The judgment of the district court is affirmed. Costs and attorney fees on appeal to respondents.

SHEPARD, C.J., HUNTLEY, J., and McQUADE, J., Pro Tem., concur.

BAKES, Justice, concurring in part and dissenting in part:

I concur with the result reached by the majority opinion except for the award of attorney fees on appeal. The appellant raised on appeal a debatable question concerning whether or not the district court denied him his constitutional right to a jury trial when the district court ruled that whether or not there was probable cause to file the original action was a question of law for the court, not for the jury. That is hardly a frivolous legal issue and, although appellant loses on that issue, it does not justify the award of attorney fees under I.C. § 12–121, I.R.C.P. 54(e), and *Minich v.*

*Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).