858 P.2d 736

**ST. ALPHONSUS REGIONAL MEDICAL CENTER, LTD., Plaintiff–Appellant–Cross Appellant,**

v.

**Vaughn KILLEEN, Sheriff of Ada County, Idaho; the Board of Commissioners of Ada County, Idaho, and Ada County, Idaho, Defendants–Respondents–Cross Appellants.**

No. 20014.

Supreme Court of Idaho,
Boise, November 1992 Term.

July 19, 1993.

Rehearing Denied Sept. 24, 1993.

Hall, Farley, Oberrecht & Blanton, Boise, for plaintiff-appellant-cross respondent. Phillip S. Oberrecht argued.

Greg Bower, Ada County Pros. Atty., and Susan D. Thomas, Deputy Ada County Pros. Atty., Boise, for defendants-respondents-cross appellants. Susan D. Thomas argued.

BISTLINE, Justice.

This Court is asked to determine who is ultimately liable for an indigent prisoner's medical expenses.

### Background and Prior Proceedings

The relevant facts are undisputed. Marjorie Edmonds was arrested in Canyon County on an Ada County bench warrant and transported to Ada County, where she failed to appear at her preliminary hearing. While in the Ada County jail, Edmonds experienced chest pains. The paramedics brought Edmonds to St. Alphonsus Regional Medical Center, Ltd. ("St. Alphonsus"). While remaining at St. Alphonsus for observation, she was released from the sheriff's custody on her own recognizance by magistrate's order.

St. Alphonsus brought suit against the sheriff, Ada County Board of Commissioners, and Ada County ("Ada County"), seeking compensation for all medical expenses Edmonds incurred (Edmonds is indigent).[1] Both parties brought motions for summary judgment. The magistrate judge granted St. Alphonsus' motion for summary judgment, awarding St. Alphonsus medical expenses incurred up until the prisoner was released on her own recognizance. The magistrate ruled that the sheriff has a statutory duty to pay medical expenses incurred by prisoners in his custody and that an implied contract for payment existed between St. Alphonsus and the sheriff. The magistrate also awarded prejudgment interest, attorney fees, and costs to St. Alphonsus.

St. Alphonsus appealed from the magistrate court's decision, seeking the full amount of Edmonds' medical expenses (including those incurred after she was released on her own recognizance), and Ada County cross-appealed, asserting that it was not responsible for any of the expenses Edmonds incurred and that attorney fees and prejudgment interest should not have been assessed against it. The district court affirmed the magistrate court's ruling of county liability, agreeing with the trial court on the statutory duty basis theory and on the award of prejudgment interest and attorney fees but finding no contract. St. Alphonsus then appealed and Ada County cross-appealed from the district court's decision to this Court, which assigned the case to the Court of Appeals. The Court of Appeals reversed, holding that (1) the sheriff and Ada County are not responsible for payment of medical expenses in the case of an indigent pretrial detainee and (2) state medical indigency statutes control.

This Court granted St. Alphonsus's petition for review. The primary issue presented is whether the sheriff has a statutory duty to pay for medical expenses incurred by those detained in his custody. Other issues include (1) whether attorney fees and prejudgment interest may be assessed against a county and (2) entitlement to attorney fees on appeal.

We hold that the sheriff and Ada County must pay prisoners' medical bills incurred while in custody and that the magistrate court correctly awarded attorney fees to St. Alphonsus but that it should not have awarded prejudgment interest.

## Standard of Review

◼ In reviewing a magistrate court's opinion, we give due consideration to the views of the district court acting in its appellate capacity and likewise to views of the Court of Appeals, but our review is directed to the magistrate's decision. *Matter of Hanson*, 121 Idaho 507, 509, 826 P.2d 468, 470 (1992).

## I. Responsibility for Medical Expenses

◼ St. Alphonsus argues that the legislature contemplated that the sheriff be responsible for paying the medical bills of prisoners. In support of that argument, St. Alphonsus relies upon, inter alia, statutory law. Idaho Code § 31–2202 enumerates among the duties of the sheriff that "[t]he sheriff shall perform the following ... (6) [t]ake charge of and keep the county jail and the prisoners therein." Idaho Code § 31–3302(3) enumerates as a proper county charge "[t]he expenses necessarily incurred in the support of persons charged with or convicted of crime and committed therefore to the county jail." Ada County counters with its contention that the statutory scheme for obtaining reimbursement for medical services to indigents applies to *all* indigents, including those in the sheriff's custody, and that, in the instant situation of an indigent pre-trial detainee, that

---

1. The medical indigency statutes provide reimbursement at Medicaid rates, which are lower than expenses incurred. The hospital had applied under these statutes for reimbursement from Ada County and Canyon County, Edmonds' former residence, but had been denied. Specifically, Canyon County maintained that Edmonds' medical expenses were the Ada County sheriff's responsibility. At the time of oral argument before the Court of Appeals, the hospital had filed motions for reconsideration of the denials of its claims; these motions were pending.

scheme is the mechanism by which the legislature intended care providers to seek payment. *See* Idaho Code tit. 31, ch. 35 (1983).

We agree with St. Alphonsus that the Idaho Code contemplates that when a person is in the sheriff's custody, whether indigent or not, the sheriff and custodial county are responsible for payment of medical expenses incurred.

Idaho Code § 31–3302(3) clearly makes the county responsible for all expenses "necessarily incurred in the support of" those persons in the county jail. The question begged is, what constitutes "necessarily incurred" expenses "in the support" of inmates. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983), provides an apparent ready answer to that question. *City of Revere* holds that the sheriff has a constitutional duty arising from the Eighth Amendment and due process to insure that prisoners receive adequate medical care. 463 U.S. at 243–44, 103 S.Ct. at 2983. Although *City of Revere* does not in itself mandate that sheriffs *pay* for medical care in every state, the case does hold that it is necessary that the sheriff ensure that prisoners receive medical care.[2] Ada County attempts to support its claim of the hospital's responsibility for obtaining reimbursement from the medical indigency scheme by quoting that portion of *City of Revere* stating that "as long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of care. That is a matter of state law." 463 U.S. at 245, 103 S.Ct. at 2983. However, I.C. § 31–3302 is applicable state law. In light of the explicit allocation of responsibility to the county, I.C. § 31–3302(3) makes it clear that Idaho law places

on the county the financial responsibility for all persons maintained in the county jail.

Citing I.C. § 20–612, Ada County contends that the failure of that statute to mention medical expenses limits the meaning of I.C. 31–3302.[3] We see no reason to hold that the list in I.C. § 20–612 is an exclusive one, since by its terms the statute limits itself to "reception and board of prisoners." Idaho Code § 20–612 does not limit the meaning of "expenses necessarily incurred in the support of persons charged with or convicted of crime and committed therefore to the county jail." *See* I.C. § 31–3302.

Idaho Code § 20–605 states that the county in which a court has entered an order of confinement "shall pay all direct and indirect costs of the detention or confinement" to the county that actually houses the prisoner. Included in these costs is "the actual cost of any medical ... services; provided however, that the county may determine whether the detained or confined person is eligible for any local, state, federal or private program that covers ... medical ... expenses." It continues, "That person will be required to apply for those benefits, and any such benefits obtained may be applied to the detained or confined person's incurred expenses...." Idaho Code § 20–605 provides guidance by analogy for finding that the county in which the prisoner is detained is obligated to pay and shows that the legislature contemplated that the county generally would pay medical expenses and then, in appropriate situations, be reimbursed. Accordingly, we find little merit in Ada County's concern that placing on it the statutory responsibility for medical expenses is tantamount to subjecting taxpayers to subsidization of the health care of those prisoners who can

2. Although *City of Revere* declines to define a government entity's obligation to pretrial detainees who required medical attention, 463 U.S. at 244, 103 S.Ct. at 2983, there is no logical reason why the holding should not be extended to pretrial detainees.

3. I.C. § 20–612 provides,
"Reception and board of prisoners.—The sheriff must receive all persons committed to jail by competent authority.... It shall be the duty of the board of county commissioners to furnish all persons committed to the county jail with necessary food, clothing and bedding, and the board of county commissioners is authorized to pay therefor out of the county treasury...."

afford to pay for their own medical care; nothing prevents the sheriff or the county from demanding reimbursement from those prisoners who do have or reasonably expect funds or other available resources.

We are sympathetic to Ada County's policy arguments against being responsible for medical expenses—the anomaly being that when an indigent is in jail, the hospital recovers more money than it would under the indigency scheme and the reality that the sheriff's office is not ordinarily so constituted to seek indemnity from other sources. Nonetheless, the statutes collectively indicate that it is ultimately the sheriff's responsibility to pay for prisoners' medical expenses. Re-allocation of that responsibility is within the province of the legislature.

■ Because the statutes provide that the sheriff and the county are responsible only for those in their custody, a fortiori the county need not pay for an inmate's medical expenses incurred after that person is no longer in custody. We thus affirm the trial court's judgment denying St. Alphonsus those medical expenses incurred after Edmonds was released on her own recognizance. Because of our disposition, we need not address the question of whether a contract for payment existed.

## II. The Awardability of Attorney Fees Against Ada County

■ Ada County claims on cross-appeal that the trial court erred in awarding attorney fees against it. In *Lowery v. Board of County Commissioners for Ada County,* this Court held that an appeal from an action of a board of county commissioners in an administrative ruling appeal is not a civil action for the purposes of I.C. § 12–121 or I.R.C.P. 54(e)(1), and thus attorney fees cannot be awarded under that statute. *Lowery,* 117 Idaho 1079, 793 P.2d 1251 (1990). A claimant dissatisfied with a board's refusal to pay a claim may either appeal the order of the board under I.C. § 31–1509 or sue under I.C. § 31–1513. Thus, Ada County's argument goes, just because St. Alphonsus has denominated this action a complaint should not allow it

to collect attorney fees; because St. Alphonsus could have elected to appeal the board's order and thus would have been ineligible for attorney fees under *Lowery,* no attorney fees should be awarded under I.C. § 12–120.

However, the plain language of I.C. § 12–120 indicates otherwise. This statute provides in part that "in any *action* where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the *action,* a reasonable amount to be fixed by the court as attorney fees." *Lowery* looked to the word "action" in determining that an administrative appeal is not a civil "action" and thus that a prevailing party in an administrative appeal cannot recover under I.C. § 12–120. In this case, there is no question that St. Alphonsus has brought a civil action against Ada County and prevailed; it is therefore entitled to recover attorney fees. The fact that St. Alphonsus had the option of proceeding either in a civil action or an administrative proceeding is irrelevant.

Ada County next argues that mandatory awards against governmental entities have been heavily questioned and that a county should not be penalized for carrying out its statutory responsibilities. Ada County calls to our attention *Clayton v. Barnes,* 52 Idaho 418, 16 P.2d 1056 (1932), in which this Court required that anyone demanding payment of a claim by a county show some constitutional or statutory authority or some express or implied contract authorized by law. 52 Idaho at 423, 16 P.2d at 1058. Statutory authority does exist, however, for assessing attorney fees under I.C. § 12–120 against counties. Idaho Code § 12–119 provides, "When a county is a party and costs are awarded against it, they must be paid out of the county treasury." It is clear, then, that I.C. § 12–119 specifically recognizes costs may be assessed against a county. Idaho Code § 12–120 states that attorney fees "shall be taxed and allowed to the prevailing party, *as part of the costs* of the action." (Emphasis added.) Hence, I.C. § 12–120 includes attorney fees as costs, which I.C.

§ 12–119 permits the court to assess against counties. When the two statutes are read together, it is apparent that there is statutory authority for awarding attorney fees under I.C. § 12–120. *Cf. Averitt v. City of Coeur d'Alene,* 100 Idaho 751, 605 P.2d 515 (1980) (holding that pursuant to I.C. § 12–121 attorney fees may be included as costs against a county or municipality).

### III. The Awardability of Prejudgment Interest Against Ada County

■ On cross-appeal, Ada County maintains that the magistrate court should not have assessed prejudgment interest against it. Because of this Court's recent decision in *University of Utah v. Twin Falls County,* 122 Idaho 1010, 842 P.2d 689 (1992), holding that the legislature has not authorized the imposition of prejudgment interest against counties, we reverse the magistrate court's award of prejudgment interest against Ada County.

### Conclusion

In conclusion, we affirm the magistrate court's judgment except as to its award of prejudgment interest, which we reverse. Attorney fees on appeal are awarded to St. Alphonsus pursuant to I.C. § 12–120. *See Spidell v. Jenkins,* 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986). Costs are awarded to St. Alphonsus as prevailing party, both in the trial court and on the appeal.

McDEVITT, C.J., and JOHNSON and TROUT, JJ. concur.

BAKES, J. (ret.) (sat and fully participated prior to his retirement on Feb. 1, 1993), concurs.