# IN THE SUPREME COURT OF THE STATE OF IDAHO

## DOCKET NO. 45016

SAINT ALPHONSUS REGIONAL
MEDICAL CENTER,

    Plaintiff-Appellant,

v.

ADA COUNTY SHERIFF GARY RANEY, in
his Official Capacity; ADA COUNTY, and
the BOARD OF ADA COUNTY
COMMISSIONERS,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2018 Term

2018 Opinion No. 14

Filed: March 2, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court's judgment is <u>vacated</u> and <u>remanded</u> for further proceedings.

Duke Scanlan & Hall, PLLC, Boise, for appellant. Bryan A. Nickels argued.

Jan M. Bennetts, Ada County Prosecutor, Boise, for respondent. Joseph D. Mallet
argued.

_____

BRODY, Justice.

Saint Alphonsus Regional Medical Center, Inc. ("Saint Alphonsus") appeals summary
judgment entered in favor of Ada County Sheriff, Gary Raney, in his official capacity; Ada
County; and the Board of Ada County Commissioners, (collectively, "Ada County"). The district
court ruled as a matter of law that Ada County was not obligated to pay for an inmate's
("Patient") entire hospitalization where the State sought a release from custody during the
hospitalization so the inmate could receive medical treatment. The district court ruled that Ada
County's obligation to pay for the hospitalization stopped once a release order was entered. We
hold the district court erred in its interpretation of Idaho Code sections 20-605 and 20-612 and

1

vacate the judgment entered in favor of Ada County. We remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, Patient was charged with domestic battery or assault in the presence of a child. He was incarcerated at the Ada County jail after he was unable to post bond (the "First Criminal Case"). On March 26, 2014, while still in jail, Patient was charged with three counts of sexual abuse of a minor under sixteen years of age (the "Second Criminal Case"). Patient's arraignment on the Second Criminal Case was scheduled for the next day. Prior to his arraignment, Patient attempted suicide by hanging himself. He was transported to Saint Alphonsus for medical treatment and remained there for about two months until he was discharged from the hospital at the end of May 2014.

A pretrial conference in the First Criminal Case occurred on April 3, 2014. The prosecuting attorney and defense counsel met with the magistrate judge in chambers where the judge was advised that Patient had been charged in the Second Criminal Case and was in the hospital after attempting suicide in the jail. The minutes from that meeting indicate that the judge was advised that Patient was likely to survive, but his long term health was in question. The State moved to release Patient on his own recognizance in the First Criminal Case only. The magistrate judge granted the motion and entered an order of release.

The next day, the State filed an ex parte motion to release Patient on his own recognizance in the Second Criminal Case. The State's motion advised the court that it wanted to release Patient so that his family could make necessary medical decisions and facilitate a possible transfer to another medical facility (which apparently never occurred). The State also indicated that it intended to seek immediate reinstatement of the bond if Patient's condition improved to the point he could be released from the hospital. The magistrate court entered an order releasing Patient on his own recognizance in the Second Criminal Case on April 4, 2014.

Ada County paid the medical expenses associated with Patient's hospitalization from March 27, 2014 to April 4, 2014 when Patient was released from the State's custody in both criminal cases. Saint Alphonsus filed a verified complaint for declaratory judgment and damages against Ada County, claiming that, pursuant to Idaho Code sections 20-604 and 20-605, Ada County improperly denied Saint Alphonsus' claim for payment for the entire hospitalization.

Both parties filed cross motions for summary judgment. Ada County argued that it was obligated to pay for medical expenses for an inmate only while the inmate was in custody. Saint Alphonsus argued that in 1994 the Legislature amended Idaho Code sections 20-605, 20-612 and 31-3302 to provide that a release from custody for purposes of receiving medical treatment will not relieve a county from its responsibility to pay for Patient's hospitalization. The district court granted Ada County's motion and entered a judgment dismissing Saint Alphonsus' claims with prejudice. Saint Alphonsus timely appealed.

## II. STANDARD OF REVIEW

This Court applies the same standard of review that was used by the trial court in ruling on a motion for summary judgment. *Quemada v. Arizmendez,* 153 Idaho 609, 612, 288 P.3d 826, 829 (2012) (quoting *Vreeken v. Lockwood Eng'g, B. V.,* 148 Idaho 89, 101, 218 P.3d 1150, 1162 (2009)). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "[T]his Court construes disputed facts, and all reasonable inferences that can be drawn from the record, in favor of the non-moving party." *Grabicki v. City of Lewiston*, 154 Idaho 686, 690, 302 P.3d 26, 30 (2013) (internal citation omitted). "The moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988) (citing *Celotex v. Catrett*, 477 U.S. 317 (1986)).

## III. ANALYSIS

**A.  The district court erred when it held that Idaho Code sections 20-605 and 20-612 do not obligate Ada County to pay for Patient's entire hospitalization where he was released from custody for the purpose of receiving medical treatment.**

We are asked once again to determine which of these parties bears responsibility for an inmate's medical expenses. This Court first addressed this issue in *Saint Alphonsus Regional Medical Center, Ltd., v. Killeen,* 124 Idaho 197, 858 P.2d 736 (1993). In *Killeen*, an Ada County jail inmate was taken to Saint Alphonsus to receive treatment for chest pain. *Id*. at 197, 858 P.2d at 736. While she was in the hospital, she was released from the sheriff's custody on her own recognizance. *Id*. Saint Alphonsus filed suit against Ada County seeking payment for the inmate's hospitalization. *Id*. at 198, 858 P.2d at 737.

3

The magistrate court in *Killeen* determined that Ada County had an obligation to pay the inmate's medical expenses, but limited the obligation to those expenses incurred prior to the inmate's release from custody. *Id*. Both parties appealed the magistrate court's decision, and the case eventually made its way to this Court. Ada County took the position that Saint Alphonsus' claim for payment was governed by Idaho's medical indigency statutes (Idaho Code section 31-3501 *et seq*.) and that it had no responsibility for payment as part of the inmate's incarceration. *Id*. This Court affirmed the magistrate court's judgment in favor of Saint Alphonsus, holding that Ada County had a statutory duty to pay for the inmate's medical expenses. We held: "[Idaho Code sections 31-3302, 31-2202, and 20-612] collectively indicate that it is ultimately the sheriff's responsibility to pay for prisoners' medical expenses." *Id*. at 200, 858 P.2d at 739. This Court limited Ada County's obligation to pay, however, to the expenses incurred while the inmate was incarcerated. We explained: "[b]ecause the statutes provide that the sheriff and the county are responsible only for those in their custody, *a fortiori* the county need not pay for an inmate's medical expenses incurred after that person is no longer in custody." *Id*. Although this Court was sympathetic to Ada County's argument that it should not have to pay more than the Medicaid rate for medical expenses incurred by an inmate (the medical indigency statutes provided for reimbursement at the Medicaid rate), this Court explained that this was a policy decision that needed to be addressed by the Legislature. *Id.*

A few months after the *Killeen* decision was issued the Legislature passed a bill amending Idaho Code sections 31-3302, 20-612, and 20-605 (the "1994 Amendments"). Idaho Code sections 31-3302 and 20-605 were amended again in 2011 to provide a corrected reference to the Medicaid code provisions, but those clerical amendments are not at issue in this case. There is no dispute that the 1994 Amendments require that medical expenses for an inmate be paid at the Medicaid rate. The issue in this case is whether the 1994 Amendments obligate Ada County to pay for the inmate's entire hospitalization where the inmate was released from custody during the hospitalization for purpose of receiving medical treatment.

This Court exercises free review over statutory interpretation because it is a question of law. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013).

> The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The statute should be considered as a whole,

4

and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

*Id.* at 361–62, 313 P.3d at 17–18 (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). A statute is ambiguous where the language is capable of more than one reasonable construction. *Porter v. Board of Trustees, Preston School Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004) (citing *Jen-Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002)). However, "[a]mbiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *Id.* (internal citation omitted). "[I]f statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction." *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999).

To understand the language at issue in this case it is important to walk through all of the 1994 Amendments. To begin with, Idaho Code section 31-3302, titled County Charges Enumerated, sets forth various expenses that a county must pay. At the time *Killeen* was decided, the statute provided that the county was required to pay for the expenses incurred "*in support of*" persons committed to the county jail. I.C. § 31-3302 (emphasis added). We interpreted this provision to include medical expenses, explaining that the sheriff has a constitutional duty to provide adequate medical care for prisoners and that section 31-3302 puts the responsibility for payment on the counties. *See* 124 Idaho at 199, 858 P.2d at 738. In response to Ada County's policy argument in *Killeen*, the Legislature amended section 31-3302 in 1994 to make it clear that medical expenses are to be paid at the Medicaid rate. The statute provided:

The following are county charges:

(3) The expenses necessarily incurred in the support of persons charged with or convicted of crime and committed therefor to the county jail. Provided that any medical expenses shall be paid at the unadjusted medicaid rate of reimbursement as provided in section 31–3502(4), Idaho Code, unless a rate of reimbursement is otherwise established by contract or agreement.

I.C. § 31-3302(3) (1994 Idaho Laws Ch. 362 (H.B. 752)).

The Legislature also amended Idaho Code section 20-612, titled Reception and Board of Prisoners. At the time of the *Killeen* decision, section 20-612 did not specifically list medical

care as part of the items that must be furnished by the sheriff. This Court determined that the list of items in section 20-612 was not exclusive and that the omission did not foreclose Saint Alphonsus' claim. The Legislature amended section 20-612 in 1994 to make it clear that sheriffs must provide inmates with medical care. The statute now provides in relevant part:

> The sheriff must receive all persons committed to jail by competent authority . . . . It shall be the duty of the board of county commissioners to furnish all persons committed to the county jail with necessary food, clothing and bedding, <u>and medical care as provided in section 20-605, Idaho Code</u>, and the board of county commissioners is authorized to pay therefor out of the county treasury under such rules and regulations as they may prescribe.

I.C. § 20-612.

Section 20-612 as amended now explicitly references Idaho Code section 20-605, titled Costs of Confinement. Under this provision, sheriffs must furnish jail inmates with "medical care *as provided in section 20-605*." We explained in *Killeen* that section 20-605 applies to situations where an inmate is housed in a jail outside of the county where the prosecution is taking place. Although this provision was not directly at issue in *Killeen*, this Court reasoned that it provided further support by analogy that the county must pay inmate medical expenses. 124 Idaho at 199, 858 P.2d at 738.

The 1994 Amendments also included changes to section 20-605 to provide in pertinent part:

> The county wherein any court has entered an order pursuant to section 20-604, Idaho Code, shall pay all direct and indirect costs of the detention or confinement of the person to the governmental unit or agency owning or operating the jail or confinement facilities in which the person was confined or detained. The amount of such direct and indirect costs shall be determined on a per day per person basis by agreement between the county wherein the court entered the order and the county or governmental unit or agency owning or operating such jail or confinement facilities. In the absence of such agreement or order fixing the cost as provided in section 20-606, Idaho Code, the charge for each person confined or detained shall be the sum of thirty-five dollars ($35.00) per day, plus the ~~actual~~ cost of any medical or dental services <u>paid at the unadjusted medicaid rate of reimbursement as provided in section 31–3502(4), Idaho Code, unless a rate of reimbursement is otherwise established by contract or agreement</u>. . . . <u>Release from an order pursuant to section 20-604, Idaho Code, for the purpose of a person receiving medical treatment shall not relieve the county of its obligation of paying the medical care expenses imposed in this section</u>. . . .

I.C. § 20-605 (1994 Idaho Laws Ch. 362 (H.B. 752)).

Saint Alphonsus contends that the last sentence of section 20-605 as amended unambiguously provides that Ada County must pay for Patient's entire hospitalization because the patient was released from custody for purpose of receiving medical treatment. Saint Alphonsus contends that this provision was the Legislature's direct response to this Court's ruling in *Killeen* where we held that the county's obligation to pay ended with the release from custody. Saint Alphonsus contends that the Legislature understood that where an inmate is injured in the county jail and taken for medical treatment, the county should remain responsible for the entire bill even in situations where an astute prosecuting attorney representing the county asks the court to release the patient on his own recognizance during the hospitalization. We agree with Saint Alphonsus' reading of the 1994 Amendments.

Read in isolation, section 20-605 applies to situations where county inmates are housed in facilities outside the prosecuting county. Indeed, in *Bannock Cnty. v. City of Pocatello*, 110 Idaho 292, 295, 715 P.2d 962, 965 (1986), this Court held that "[Idaho Code sections] 20–604, –605 and –606 are specific statutes which pertain only to the housing of prisoners in another county, while [Idaho Code section] 20–612 applies to prisoners housed within the county." Ada County's reliance on the *Bannock County* decision at this point, however, is misplaced. The 1994 changes to section 20-612 now incorporate Idaho Code section 20-605 by direct reference: "[i]t shall be the duty of the board of county commissioners to furnish all persons committed to the county jail with . . . *medical care as provided in section 20-605, Idaho Code*. . ." I.C. § 20-612 (emphasis added). The medical care set forth in section 20-605 now applies to the county's obligation to provide medical care for inmates within its own county jail.

It is undisputed that Patient was released from custody for the purpose of receiving medical treatment. We hold that under Idaho Code sections 20-605, 20-612, and 31-3302, Ada County is required to pay for Patient's entire hospitalization at the Medicaid rate. As a result, we vacate the district court's judgment.

## IV. CONCLUSION

We hereby vacate the district court's judgment and remand the case for further proceedings consistent with this opinion.


Chief Justice BURDICK, Justice BEVAN, and Justices Pro Tem KIDWELL and GUTIERREZ CONCUR.