990 P.2d 1213

**David M. ADAMSON and Linda Adamson, his wife, Plaintiffs–Respondents,**

v.

**Arlo Dee BLANCHARD and Richard Blanchard, individually and doing business as Triangle B. Ranch; Reyes Orozco, John Does DBAs, Corporations, Partnerships, or Limited Liability Companies 1–5, John Does 1–20; Jane Does 1–10, Defendants–Appellants.**

No. 24974.

Supreme Court of Idaho, Boise, September 1999 Term.

Dec. 9, 1999.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for appellants. John B. Ingelstrom argued.

Crabtree & Emery, Twin Falls; Smith & Glauser, P.C., Salt Lake City, for respondents. Richard K. Glauser argued.

TROUT, Chief Justice.

This case presents a certified question from the United States District Court for the District of Idaho. The certified question is as follows:

> Does § 25–2119[1] of the Idaho Code grant absolute immunity from liability for negligence to an owner of domestic animals involved in an accident on a public highway, where the owner of those animals has established that they were "lawfully" on the highway at the time of the accident?

We hold that I.C. § 25–2119 affords an absolute grant of immunity from liability for negligence to an owner who has established that his animals were lawfully on the highway.

## I.

## BACKGROUND

Appellants Arlo Dee Blanchard and Richard Blanchard (Blanchards) were driving their band of approximately 900 sheep on Highway 20 near Chester, Idaho shortly after sunrise on July 14, 1995. The purpose of the drive was to move the sheep from one pasture to another located two to three miles away; however, the sheep only traveled upon Highway 20 for approximately three-quarters of a mile. The Blanchards drove a pickup in front of the sheep, with emergency flashers activated and with a passenger holding a red flag attached to a wooden stick out the window. Behind the sheep, the Blanchards utilized a pickup towing a stock trailer, both with emergency signals activated. The Blanchards also enlisted a sheriff's deputy who drove a patrol vehicle, with all emergency lights activated, among the band of sheep,

although there was some disagreement between the parties as to when the deputy arrived to assist.

That morning David Adamson (Adamson) was traveling in his pickup on Highway 20 in the same direction as the sheep. As he drove, Adamson saw the sheep and two vehicles stopped behind the Blanchards' pickup and trailer. Adamson stopped behind the second vehicle. Defendant Reyes Orozco then approached the stopped vehicles at a high rate of speed and was apparently unable to stop in time, driving his 1971 two-ton Chevrolet flatbed truck into the rear of Adamson's pickup, severely injuring Adamson.

Adamson filed a complaint in federal court against Orozco and the Blanchards on May 15, 1997, asserting a negligence cause of action. Orozco failed to appear and default has now been entered against him. The Blanchards then moved for summary judgment, asserting I.C. § 25–2119 as a bar to Adamson's negligence claim. Judge Winmill entered an order which postponed ruling on the Blanchards' summary judgment motion pending a ruling by this Court on the certified question. Judge Winmill also entered an order certifying the aforementioned question of law to the Court on June 10, 1998. We accepted the certified question as an appeal by certification under Rule 12.1 of the Idaho Appellate Rules.

## II.

## I.C. § 25–2119 GRANTS ABSOLUTE IMMUNITY FROM LIABILITY FOR NEGLIGENCE TO AN OWNER OF DOMESTIC ANIMALS INVOLVED IN AN ACCIDENT ON A PUBLIC HIGHWAY, WHERE THE OWNER OF THOSE ANIMALS HAS ESTABLISHED THAT THE ANIMALS WERE "LAWFULLY" ON THE HIGHWAY AT THE TIME OF THE ACCIDENT.

### A. Standard of Review

United States courts may submit to the Idaho Supreme Court a certified question

---

1. Idaho Code Section 25–2119, enacted in 1961, provides that "[n]o person owning, or controlling the possession of, any domestic animal lawfully on any highway, shall be deemed guilty of negligence by reason thereof."

of law as to which there is no controlling precedent among the decisions of the Court. I.A.R. 12.1. Here, the certified question turns upon interpretation of I.C. § 25–2119. This is a question of law over which the Court exercises free review. *State v. Hagerman Water Right Owners, Inc.* 130 Idaho 727, 732, 947 P.2d 400, 405 (1997). The Court's primary duty in interpreting a statute is to give effect to the legislative intent and purpose of the statute. *In re: Permit No. 36–7200,* 121 Idaho 819, 823, 828 P.2d 848, 852 (1992). The legislature's intent is ascertained from the statutory language and the Court may seek edification from the statute's legislative history and the historical context at enactment. *Corporation of Presiding Bishop v. Ada County,* 123 Idaho 410, 416, 849 P.2d 83, 89 (1993); *Messenger v. Burns,* 86 Idaho 26, 29–30, 382 P.2d 913, 915 (1963). Where statutes are *in pari materia,* they should be construed together to give effect to legislative intent. *Dewey v. Merrill,* 124 Idaho 201, 204, 858 P.2d 740, 743 (1993).

**B. I.C. § 25–2119**

As a preliminary matter, it should be noted that the Court does not seek to determine the meaning of the phrase "lawfully on the highway" in I.C. § 25–2119. "Lawfully" is not defined in the statute and the district court determined, as a matter of law, that the Blanchards' sheep were lawfully on Highway 20.[2] The Court's analysis will therefore focus on the remaining elements of I.C. § 25–2119.

The parties present two competing interpretations of I.C. § 25–2119. The Blanchards argue that the statute protects owners of animals lawfully on the highway from the risk of liability for negligence by granting absolute immunity from negligence claims. Adamson, on the other hand, asserts that I.C. § 25–2119 only abolishes application of the *res ipsa loquitur* doctrine, and thus,

eliminates the inference of negligence which arises when unattended animals are involved in a highway accident at night. Both parties have referred to this Court's decision in *Griffith v. Schmidt,* 110 Idaho 235, 715 P.2d 905 (1986), where the Court referred to I.C. §§ 25–2118 and –2119 and stated that these statutes granted "immunity from liability and negligence" to the owners of livestock in open range or lawfully on a highway. *Griffith,* 110 Idaho at 239, 715 P.2d at 909. The Court was not presented in that case, however, with the specific issue presented here. In *Griffith* the Court concluded that the animals were not in "open range" or "lawfully" on the highway, and thus, neither of these statutes applied. Therefore, the discussion in *Griffith* which mentions immunity is dicta and is not dispositive of the certified question presented here.

When construing a statute, the focus of the Court is to determine and give effect to the intent of the legislature. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). In ascertaining this intent, not only must the literal words of the statute be examined, but also the public policy behind the statute and its legislative history. *Messenger,* 86 Idaho at 29–30, 382 P.2d at 915. Here, legislative history is of little assistance, revealing only that I.C. § 25–2119 was introduced to the Senate by the livestock committee. 1961 Idaho Senate Journal at 305–06. We therefore review the Court's opinions on animal-automobile accidents, prior to enactment of I.C. § 25–2119, in order to establish the historical context in which the legislature promulgated I.C. § 25–2119.

The Court first examined the rights and liabilities between animal and vehicle owners in *Shepard v. Smith,* 74 Idaho 459, 263 P.2d 985 (1953). *Shepard* involved an action for damages resulting from the loss of one horse and injury to another in an automobile colli-

---

2. Although the Court has not previously discussed the term "lawfully", we did indicate in *Griffith v. Schmidt,* 110 Idaho 235, 715 P.2d 905 (1986) that "in cases of nighttime vehicle collisions with unattended domestic animals running

at large ... we can presume the animals' presence on the highway does not fall within any reasonable definition of 'lawfully.'" *Griffith,* 110 Idaho at 239, 715 P.2d at 909.

sion. The horses were unattended and on the highway at night. The Court ruled that the doctrine of *res ipsa loquitur* "should be applied at least to the extent of requiring the owner of animals unattended upon a heavily traveled highway ... to satisfactorily explain their presence in order to avoid an otherwise justifiable inference of negligence." *Shepard*, 74 Idaho at 464–465, 263 P.2d at 988. The Court then upheld the jury's determination that both the motorist and the animal owner were negligent, resulting in no recovery to either party.

The second animal-vehicle collision case also involved an accident between unattended livestock and an automobile on the highway at night. *O'Connor v. Black*, 80 Idaho 96, 99, 326 P.2d 376, 377 (1958). The Court affirmed the application of the *res ipsa* doctrine and interpreted *Shepard* as follows:

> We interpret the announcements of the *Shepard v. Smith* case to be that the presence of livestock unattended upon a heavily traveled highway in the nighttime raises an inference of negligence on the part of the owner. In the absence of any satisfactory explanation by the owner of the presence of the animals thus on the highway at night unattended, a jury would be justified in finding that the presence of such animals on the highway was the result of negligence on the part of the owner.

*O'Connor*, 80 Idaho at 104, 326 P.2d at 380. The Court remanded the case, holding that an instruction consistent with the Court's application of *res ipsa* to animal-vehicle collisions should have been given to the jury.

Subsequent to these first two animal-vehicle collision cases the legislature enacted I.C. §§ 25–2118 and 25–2119. The context in which the legislature promulgated I.C. §§ 25–2118 and 25–2119 thus included two elements: (1) the *Shepard* and *O'Connor*

cases which featured accidents involving loose and unattended animals on the highway at night; and (2) the *res ipsa loquitur* doctrine which required an animal owner to explain the unattended nighttime presence of an animal on the highway in order to avoid an inference of negligence.[3] The legislature thus faced a situation in which animal owners risked potential liability for negligence upon failing to explain the presence of a loose and unattended animal on the highway at night. Two additional relevant contextual elements are (1) the statutory distinction between open range and herd districts; and (2) the statutorily preserved right of animal owners to drive livestock on public roads.

Livestock areas in Idaho fall into two categories outside cities and villages: open range areas and herd districts. "Open range" is defined by I.C. § 25–2402 as all areas of the state not within cities, villages, or already created herd districts. Animals may roam freely in open range areas without their owner's risking liability. In herd districts, however, animals may not roam freely and owners incur a duty to keep livestock fenced. *Whitt v. Jarnagin*, 91 Idaho 181, 187, 418 P.2d 278, 283 (1966) (I.C. § 25–2118 impliedly makes it the duty of the owner to keep the animal off the highway unless the highway is in open range.). Idaho Code § 25–2401 et seq. provides the mechanism for creation of herd districts as an alternative to landowners who wish to protect their land from damage caused by roaming stock on open range. A landowner may recover damages caused by animals straying upon his property in a herd district. Although animals may not be herded upon the highway in a herd district, "trailing or driving of livestock from one location to another on public roads" cannot be prohibited.[4] I.C. § 25–2402(2)(c).

In determining legislative intent we also look to other pertinent statutes.

---

**3.** We note that prior to promulgation of I.C. § 25–2119 the *res ipsa loquitur* doctrine had only been applied in situations involving unattended animals on the highway at night. *Res ipsa* has never been applied under the facts of the present case, *i.e.*, a controlled, tended movement of livestock upon the highway.

**4.** This Court has previously recognized that there is a distinction between "herding" and "trailing or driving" and that the two terms are not synonymous. *Etcheverry Sheep Co., v. J.R. Simplot Co.*, 113 Idaho 15, 16, 740 P.2d 57, 58 (1987) (citing *Phipps v. Grover*, 9 Idaho 415, 75 P. 64 (1904)).

Statutes which relate to the same subject are *in pari materia* and should be construed together to effectuate legislative intent. *Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 4, 855 P.2d 462, 465 (1993). The legislature simultaneously enacted I.C. § 25–2118, concerning animals on open range, and I.C. § 25–2119, concerning animals lawfully on the highway. Sections 25–2118 and 25–2119 are thus *in pari materia* because they relate to the liability relationship between livestock owners and motorists on the highway. Idaho Code § 25–2118 states:

**Animals on open range—No duty to keep from highway.**

— No person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal off any highway on such range, and shall not be liable for damage to any vehicle or for injury to any person riding therein, caused by a collision between the vehicle and the animal. "Open range" means all uninclosed lands outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam.

Idaho Code § 25–2118 thus relieves owners of livestock roaming on open range of the duty to keep such stock off the highway and grants absolute immunity from liability for any damages stemming from "a collision between the vehicle and the animal." Adamson argues that the legislature used different language in I.C. §§ 25–2118 and 25–2119 because it intended an absolute grant of immunity in I.C. § 25–2118 and a limited grant of immunity (abolition of *res ipsa loquitur)* in I.C. § 25–2119. This disregards, however, the notion that the legislature was addressing two very different situations. Idaho Code § 25–2118 relates to owner liability in open range and grants total immunity from liability for any damages. By contrast, I.C.

§ 25–2119 addresses only an owner's right to drive animals on public roads, or otherwise lawfully position animals upon the highway, and grants immunity only from liability for negligence associated with this activity. The legislature therefore used absolute language in I.C. § 25–2118 because it intended to completely immunize owners in open range areas from liability under any cause of action. The legislature then used more limited language in I.C. § 25–2119 because it intended to immunize owners from a negligence cause of action only in the limited situation where animals are lawfully present on the highway.[5]

◼ Given this entire context, the legislature likely intended to cure a situation of potential liability to livestock owners after *Shepard* and *O'Connor.* More specifically, the legislature intended to grant owners absolute immunity from any liability for damages in the open range, I.C. § 25–2118, and to grant absolute immunity from liability for negligence in order to preserve an owner's right to drive animals on the highway in a herd district, I.C. § 25–2119.

We accordingly reject Adamson's interpretation of I.C. § 25–2119 which would merely create an exception to the *res ipsa* doctrine in cases where animals are lawfully on the highway. In order for the legislature to intend to create such an exception to the application of *res ipsa* there must have first been a general rule indicating that *res ipsa* supplied an inference of negligence whenever an animal owner fails to explain the lawful presence of animals on the highway. *Res ipsa* has never been applied under such facts, and, moreover, would not be needed as a substitute for direct evidence of negligence where the animal owner is present at the accident scene. By adding the requirement that the livestock must be "lawfully on any highway," the legislature was not referring to those situations in which *res ipsa* had previously been applied and, instead, was speak-

---

5. We note that I.C. § 25–2119 does not preclude a cause of action for intentional tort. In addition, animal owners are subject to the provisions of I.C. § 40–2313 which authorizes county or highway commissioners to designate certain

highways as livestock trails and to restrict the number and times when use of such highways is permitted. *See* I.C. § 40–2313. Owners who violate commissioner restrictions may be deemed guilty of a misdemeanor. I.C. § 40–2313(3).

608

ing to those instances where animals were properly on the highway, e.g. during the day and while attended and driven or trailed down the road. We therefore conclude that the legislature did not merely intend to create an exception to the *res ipsa* doctrine and instead intended to address a situation of potential liability to owners of animals lawfully on the highway by granting absolute immunity from negligence.

### III.

### CONCLUSION

In response to the question certified to this Court, we hold that I.C. § 25–2119 affords an absolute grant of immunity from liability for negligence to an owner who has established that his animals were lawfully on the highway.

Justices SILAK, SCHROEDER, WALTERS, and KIDWELL, concur.