148 P.3d 1267

**Christopher V. WEBB, Plaintiff–Respondent–Cross Appellant,**

v.

**Cheri L. WEBB, Defendant–Appellant–Cross Respondent.**

**No. 32325.**

Supreme Court of Idaho,
Boise, November 2006 Term.

Nov. 29, 2006.

Cox, Ohman & Brandstetter, Chd., Idaho Falls, for appellant. John Michael Ohman argued.

Dunlap & Groom, Twin Falls, for respondent. M. Lynn Dunlap argued.

BURDICK, Justice.

Appellant Cheri Webb (Cheri) appeals from a district court decision affirming an order allowing her ex-husband, Christopher Webb (Christopher) to designate his visitation rights to his parents pursuant to a power of attorney. Christopher cross-appeals the magistrate's decision to modify the visitation schedule while his parents exercise his visitation rights. We affirm in part and reverse in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cheri and Christopher stipulated to a decree of divorce in May 2003. Pursuant to that decree, Cheri was granted primary physical custody of the couple's two young daughters and Christopher was granted visitation rights and ordered to pay child support. However, this decree also provided that other visitation as the parties agree "shall be determined based upon mediation." During the summer of 2003, Cheri and Christopher attempted to stipulate to primary physical custody being awarded to Christopher. Apparently, relations between the parties disintegrated, and Christopher moved the magistrate court to enforce the stipulation. On October 24, 2003 the magistrate court ruled that Cheri and Christopher's agreement changing primary physical custody of their daughters to Christopher should be enforced and on October 31, 2003 entered an order enforcing this mediation agreement. The parties agreed, however, that despite the magistrate's ruling, physical custody of their daughters would remain with Cheri.

The following May, Cheri moved to modify the divorce decree, seeking to have the court once again award primary physical custody to her. In September, 2004 the magistrate court entered an order granting primary physical custody to Cheri, ordering Christopher to pay child support, and allowing Christopher's parents, Larry and Rebecca Webb (the grandparents or the Webbs), to exercise his visitation rights with the children. Then following a trial in November, 2004, the magistrate entered an order allowing the grandparents, pursuant to a power of attorney Christopher executed under I.C. § 15–5–104, to exercise a modified version of Christopher's visitation rights while he was deployed in Iraq. At that hearing, the parties essentially agreed to Christopher's visitation plan. Cheri testified that she had no objection to Christopher having alternating weekends, alternating holidays, spring break, his birthday, and Father's Day but she wanted to split the summer rather than Christopher having the majority of the summer. After determining the best interest of the children, the magistrate court entered the order allowing the Webbs visitation rights and giving Christopher "continuing ability to designate his parents to effectuate ... visitation on his behalf, as long as he is on active military duty."

Cheri appealed the order as to the grandparents' visitation, and the district court affirmed. Cheri now appeals to this Court.

## II. ANALYSIS

Cheri argues that the magistrate erred as a matter of law by allowing Christopher to designate his visitation rights to the Webbs. Christopher argues on cross-appeal that the magistrate erred in changing his visitation, which is to be exercised by his parents, to every third weekend during his deployment. Therefore, we will first determine whether this appeal is moot, as Christopher has returned to Idaho. We will next address Cheri's arguments regarding Christopher's ability to designate his visitation rights. We then will determine whether the magistrate erred by reducing the amount of visitation while the grandparents were exercising Christopher's rights before turning to the issue of attorney's fees.

We review a magistrate's decision regarding custody of a minor child under an abuse of discretion standard. *State v. Hart*, 142 Idaho 721, 723, 132 P.3d 1249, 1251 (2006) (citing *Hoskinson v. Hoskinson*, 139 Idaho 448, 455, 80 P.3d 1049, 1056 (2003)). Visitation decisions, likewise, are subject to a review for abuse of discretion. *See Leavitt v. Leavitt*, 142 Idaho 664, 668, 132 P.3d 421, 425 (2006) (noting that grandparent visitation decisions made pursuant to I.C. § 32–719 are reviewed for an abuse of discretion); *see also Miller v. Mangus*, 126 Idaho 876, 878–79, 893 P.2d 823, 825–26 (Ct.App.1995). When reviewing a decision by a district court in its appellate capacity, this Court independently considers the record before the trial court but gives due regard to the district court's analysis. *King v. King*, 137 Idaho 438, 442, 50 P.3d 453, 457 (2002).

We freely review conclusions of law. *Leavitt*, 142 Idaho at 668, 132 P.3d at 425.

### A. Is this appeal moot?

At the outset, although neither party raises justiciability, we determine that this appeal is not moot. This Court is obliged to raise mootness *sua sponte* because it is a jurisdictional issue. *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). "An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). Mootness applies when a favorable judicial decision would not result in any relief. *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004).

Normally, this Court may only review cases in which a judicial determination will have a practical effect on the outcome. *See State v. Hoyle*, 140 Idaho 679, 682, 99 P.3d 1069, 1072 (2004) (quoting *Idaho Sch. for Equal Educ. Opportunity v. Idaho State Bd. of Educ.*, 128 Idaho 276, 281, 912 P.2d 644, 649 (1996)). However, this Court recognizes exceptions to the mootness doctrine. One of the recognized exceptions to the mootness doctrine is when "the challenged conduct is likely to evade judicial review and thus is capable of repetition." *Ameritel Inns, Inc.*, 141 Idaho at 852, 119 P.3d at 627.

Here, although Christopher has returned from Iraq and resumed his visitation with the children, he is still a member of the Idaho National Guard. As such, it remains possible that he could return to active duty and once again be unable to exercise personally his visitation rights. However, as was the case here, it is likely that he could return from his tour of duty before the case has been decided by the Court. Additionally, other members of the military are subject to further deployment and the same time constraints. Therefore, we find that because the challenged conduct is capable of repetition, but likely to evade review, we will reach the substantive issues raised by the parties.

### B. Can Christopher designate his visitation rights under I.C. § 15–5–104?

Cheri argues that as a matter of law I.C. § 15–5–104 cannot be used to designate a power of attorney for visitation rights. Allowing such a designation, she contends, contravenes the purpose of the power of attorney statute and removes from the courts the power to scrutinize such decisions prior to the designation. Christopher asserts that he can delegate his visitation rights pursuant to I.C. § 15–5–104. He contends that the literal words of I.C. § 15–5–104 provide him au-

thority to designate his visitation rights as such rights are included as part of his custody of their daughters. We agree.

Idaho Code § 15-5-104 provides:

**Delegation of powers by parent or guardian**

*A parent* or a guardian of a minor or incapacitated person, *by a properly executed power of attorney, may delegate to another person,* for a period not exceeding six (6) months, or in the case of military personnel serving beyond the territorial limits of the United States for a period not exceeding twelve (12) months, *any of the parent's* or guardian's *powers regarding care, custody, or property of the minor* or ward including, but not limited to, powers for medical care and educational care of the minor or ward, except the parent's or guardian's power to consent to marriage or adoption of a minor or ward. The delegation for a minor to a grandparent of the minor, or to a sibling of the minor, or to a sibling of either parent of the minor, shall continue in effect until the time period, or date, or condition set forth in the power of attorney for automatic expiration of the power of attorney occurs. If the power of attorney does not provide a time period, or date, or condition for automatic expiration of the power, the power of attorney shall continue in effect for a period of three (3) years. The power may be revoked prior to the expiration of the three (3) year period, or prior to the time period, or date, or condition for automatic expiration, in a writing delivered to the grandparent or sibling by the delegating parent or guardian. The power of attorney does not need to be notarized or recorded to be valid. However, if the power is recorded, any revocation of the power by a writing must also be recorded before the revocation is effective.

(Emphasis added).

■ The interpretation of a statute is a question of law over which this Court exercises free review. *See, e.g., Martin v. State Farm Mut. Auto. Ins. Co.,* 138 Idaho 244, 246, 61 P.3d 601, 603 (2002). The Court must give every word, clause and sentence effect, if possible. *In re Permit No. 36-7200,* 121 Idaho 819, 822, 828 P.2d 848, 851 (1992). This Court must also construe a statute to give effect to the intent of the legislature. *Ada County Bd. of Equalization v. Highlands, Inc.,* 141 Idaho 202, 208, 108 P.3d 349, 355 (2005). "The legislature's intent is ascertained from the statutory language and the Court may seek edification from the statute's legislative history and historical content at enactment." *Idaho Cardiology Assocs. v. Idaho Physicians Network, Inc.,* 141 Idaho 223, 225, 108 P.3d 370, 372 (2005) (quoting *Adamson v. Blanchard,* 133 Idaho 602, 605, 990 P.2d 1213, 1216 (1999)). "In construing a statute, the Supreme Court may examine the language used, reasonableness of the proposed interpretations, and the policy behind the statutes." *Id.* at 226, 108 P.3d 370, 108 P.3d at 373 (quoting *Sweitzer v. Dean,* 118 Idaho 568, 571-572, 798 P.2d 27, 30-31 (1990)).

■ The plain language of I.C. § 15-5-104 clearly provides that the parent of a child may delegate his or her powers regarding care, custody or property for a certain period of time depending on the status of the parent or designee. The plain language of the statute broadly applies to delegation of parental powers. Since the statute allows for delegations of custody, it is for us to decide whether the legislature intended this language to include delegation of visitation.

We hold that it does. Neither I.C. § 15-5-104 nor Chapter 7, Title 32 of the Idaho Code defines visitation for child custody purposes. Nonetheless, Chapter 14, Title 7 of the Idaho Code defines visitation as "custodial period, custodial schedule, residential schedule, parenting, or parenting time." I.C. § 7-1402(10). Therefore, it is clear from Idaho law that visitation is a form of custody, and the plain language of I.C. § 15-5-104 allows for the delegation of custody. As such, the magistrate did not err by allowing Christopher to delegate to the Webbs his custody rights to visitation with his daughters.

■ Cheri maintains on appeal that the procedure used by the magistrate was error because he did not have jurisdiction over the

Webbs at the time he entered the order allowing the designated visitation. Christopher maintains that the Webbs' failure to become a party to this action is unimportant.

The magistrate judge concluded that the Webbs were not seeking their own separate visitation rights and required that they each sign a notarized statement consenting to the jurisdiction of the court. The statute looks only to the rights of the parent to assign; it does not comment upon the fitness of the assignee. We do not abandon the paramount concern of the best interests of the child. However, the party objecting to the assignment must address those concerns. Once the assignment is executed, the objecting party may bring further proceedings challenging the assignment.

### C. Did the magistrate err by changing the visitation to every third weekend?

After determining that Christopher could delegate his visitation rights to the Webbs and that to do so would be in the children's best interest, the magistrate determined that the visitation schedule should be modified during the period when the grandparents would be exercising visitation. The magistrate felt that a schedule of visitation every third weekend, rather than every other weekend would accomplish the goal of keeping the memory of Christopher alive in the minds of his two young daughters. Christopher contends that his modification was error.

 It is well established that custody may be modified only upon a showing of substantial and material changes in the circumstances. *See, e.g., Tomlinson v. Tomlinson,* 93 Idaho 42, 47, 454 P.2d 756, 761 (1969). In determining whether to modify custody, the best interest of the children is of paramount importance. *Hoskinson v. Hoskinson,* 139 Idaho 448, 455, 80 P.3d 1049, 1056 (2003). The legislature has made it clear that courts must consider all relevant factors when examining the best interests of the children, I.C. § 32–717(1), but when an active member of the Idaho National Guard is called to duty, such military service cannot be considered a "substantial or material and permanent change in circumstance" used to reduce the custody or visitation privileges, I.C. § 32–717(6).

 Since the Webbs were exercising Christopher's visitation rights by delegation, a change to the schedule based only upon Christopher's absence while deployed was error under I.C. § 32–717(6). Therefore, we reverse the portion of the magistrate's decision modifying the visitation schedule during the period when the Webbs exercise by delegation Christopher's visitation rights. However, because Christopher has returned to Idaho, we need not remand to the magistrate court for the entry of an order in accordance with this decision.

### D. Attorney's fees

 Christopher contends that he is entitled to attorney's fees because "Cheri's conduct throughout the entire course of proceedings relative to the minor children, has been frivolous." Christopher, however, neglects to identify a statutory basis for such an award. Since this Court does not consider issues not supported by argument or authority, *KEB Enterprises, L.P. v. Smedley,* 140 Idaho 746, 754, 101 P.3d 690, 698 (2004) (citing *Hei v. Holzer,* 139 Idaho 81, 73 P.3d 94 (2003)), we refrain from awarding Christopher attorney's fees. Moreover, even if we were to read Christopher's request for attorney's fees as being brought pursuant to I.C. § 12–121, we would refrain from awarding him attorney's fees because Cheri has not brought nor defended this appeal frivolously, unreasonably or without foundation.

### III. CONCLUSION

We hold that the magistrate did not err by allowing Christopher to delegate his custody rights to his parents pursuant to I.C. § 15–5–104. We also hold that the magistrate erred by modifying the visitation schedule based on Christopher's absence while deployed. We refrain from awarding attorney's fees. Costs to Respondent.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, concur.