152 P.3d 558

Mary MORELAND, Casey Moreland,
Amy Boyer, Plaintiffs–
Appellants,

v.

Royce ADAMS, Randy Adams,
Defendants–Respondents,

and

John Does and Jane Does 1 through X, individuals; and Corporations A through Z; and General Corporations AA through DD, and their heirs, successors and assigns, Defendants.

No. 32284.

Supreme Court of Idaho,
Boise, November 2006 Term.

Jan. 26, 2007.

Hepworth, Lezamiz & Janis, Chtd., Twin Falls; Hollifield Law Office, Twin Falls; and Eric J. Burch, Manchester, TN, for appellants. Benjamin J. Cluff argued.

Tolman, Brizee & Martens, PC, Twin Falls, for respondent Royce Adams. Jennifer K. Brizee argued.

Saetrum Law Offices, Boise, for respondent Randy Adams. Robert R. Gates argued.

TROUT, Justice.

This case arises from a wrongful death action and addresses the definition of "open range" under Idaho Code section 25–2118. Plaintiffs, the family of the decedent, appeal the trial court's grant of summary judgment to defendants Royce and Randy Adams, whom the court found were entitled to immunity for cattle running on open range.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2004, Rodney Moreland was riding a motorcycle down 4 Mile North Road in Lincoln County, Idaho. While corrals and fencing appeared in some areas on the land alongside the road, signs posted around the area designated the land as open range. As Rodney Moreland drove his motorcycle over a rise in the road, he collided with a calf and was killed. The calf was owned by Randy Adams and the land adjacent to the road was owned in part by Royce Adams (Randy, Royce or collectively, the Adamses).

Rodney Moreland's surviving relatives, plaintiffs Mary Moreland, Casey Moreland, and Amy Boyer (collectively, the Morelands) filed a wrongful death action based on the negligence of Royce in failing to repair and maintain the fence on his land, and Randy in failing to keep the calf within the enclosed area. Both the Morelands and the Adamses moved for summary judgment. While the parties agreed that fences and corrals existed on the property, they disputed the extent and purpose of the fencing. Royce offered the affidavit of the Lincoln County prosecuting attorney discussing the county's failed attempt to create herd districts and its subsequent decision to post signs reflecting its conclusion that the highways within Lincoln County were on open range land. The Adamses contended that the collision occurred on land classified as open range and that they were consequently entitled to absolute immunity under I.C. § 25–2118. The trial court agreed. The judge found no evidence that the land on which the collision occurred was in a village or herd district and therefore concluded that the land was open range. He further concluded that the identity of the calf's owner was not material for purposes of summary judgment. Consequently, the court granted the Adamses' motion for summary judgment.

In their appeal, the Morelands argue that the trial court erred in its legal conclusions by failing to apply a three-prong test for open range immunity under I.C. § 25–2118, requiring land qualifying as open range to be (1) unenclosed, (2) outside of cities, villages, and herd districts, and (3) land on which cattle by custom, license, lease, or permit, are grazed or permitted to roam. The Morelands also appeal the district court's conclusion that there were no genuine issues of material fact as to whether the Adamses satisfied the three-prong test.

## II.

### STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's stan-

dard of review is the same as the standard used by the district court in passing upon a motion for summary judgment. *Thomson v. City of Lewiston,* 137 Idaho 473, 475–76, 50 P.3d 488, 490–91 (2002), citing *McDonald v. Paine,* 119 Idaho 725, 810 P.2d 259 (1991); *Meridian Bowling Lanes v. Meridian Athletic Ass'n, Inc.,* 105 Idaho 509, 670 P.2d 1294 (1983). "Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to a judgment as a matter of law." *Thomson,* 137 Idaho at 476, 50 P.3d at 491; *see also* I.R.C.P. 56(c); *Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988). In determining whether the record presents an issue of material fact, "all allegations of fact in the record, and all reasonable inferences from the record are construed in the light most favorable to the party opposing the motion." *City of Kellogg v. Mission Mountain Interests Ltd., Co.,* 135 Idaho 239, 243, 16 P.3d 915, 919 (2000).

The burden of proving the absence of material facts is upon the moving party. *Thomson,* 137 Idaho at 476, 50 P.3d at 491; *see also Petricevich v. Salmon River Canal Co.,* 92 Idaho 865, 452 P.2d 362 (1969). The adverse party, however, "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). The moving party is therefore entitled to a judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. *See Thomson,* 137 Idaho at 476, 50 P.3d at 491; *Badell,* 115 Idaho at 102, 765 P.2d at 127.

Regarding questions of law, "this Court exercises free review and is not bound by findings of the district court but is free to draw its own conclusions from the evidence presented." *Kohring v. Robertson,* 137 Idaho 94, 99, 44 P.3d 1149, 1154 (2002). "[T]he construction of a legislative act ... presents a pure question of law for free review by the Court." *Crawford v. Dept. of Correction,* 133 Idaho 633, 635, 991 P.2d 358, 360 (1999).

## III.

### DISCUSSION

The question before this Court is whether the trial court erred in granting summary judgment to the Adamses. The trial judge granted summary judgment based on his conclusions that the collision occurred on open range land and that livestock owners in open range areas enjoy absolute immunity against claims for damages caused by livestock. The Morelands challenge the judge's finding that the site of the collision qualifies as open range land and argue that the judge failed to apply a three-prong statutory test for open range land as required by I.C. § 25–2118. To determine whether the judge erred in granting summary judgment, we must first determine how Idaho law defines open range.

In *Maguire v. Yanke,* 99 Idaho 829, 590 P.2d 85 (1978), this Court discussed the history of laws relating to the liability of a livestock owner for damage caused by his stock straying on another's land. Under common law, it was the duty of a livestock owner to fence in stock to keep them from causing damage ("fence in" rule), but Idaho and other western cattle states rejected that concept for a rule allowing livestock to roam freely and imposing the duty on landowners to fence livestock out ("fence out" rule). *Maguire,* 99 Idaho at 832, 590 P.2d at 88. As this Court noted, "the 'fence out' rule prevails" in Idaho. *Id.* at 833, 590 P.2d at 89. There are important legislative exceptions to the "fence out" rule and landowners may revert to a "fence in" rule by following statutory procedures to create a herd district. *Id.;* I.C. §§ 25–2401, –2402.

The Adamses claim open range immunity under I.C. § 25–2118, which reads:

No person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal off any highway on such range, and shall not be liable for damage to any vehicle or for injury to any person

riding therein, caused by a collision between the vehicle and the animal. "Open range" means all uninclosed lands outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam. I.C. § 25–2118. The Morelands read the statute to grant open range immunity against liability to motorists only when three specific statutory requirements are met: the land is (1) "uninclosed," (2) falls "outside of cities, villages and herd districts," and (3) is land "upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam." The trial judge disagreed and focused solely whether the land fell outside of any city, village, or herd district. On the uncontroverted facts presented by this case, the district court was correct in determining that the land in question was open range.

Our opinion in *Adamson v. Blanchard,* 133 Idaho 602, 990 P.2d 1213 (1999), is instructive to this case. In *Adamson,* a federal court certified to this Court the question of whether I.C. § 25–2119 grants absolute immunity from liability for negligence to owners of domestic animals involved in accidents on public highways. The Court held that where owners could show their animals were lawfully on the highway at the time of an accident, they were immune from liability under § 25–2119. *Id.* at 608, 990 P.2d at 1219; I.C. § 25–2119. The Court explained that "[l]ivestock areas in Idaho fall into two categories outside cities and villages: open range areas and herd districts. 'Open range' is defined by I.C. § 25–2402 as all areas of the state not within cities, villages, or herd districts." *Adamson,* 133 Idaho at 606, 990 P.2d at 1217; I.C. § 25–2402. Significantly, I.C. §§ 25–2402 and 25–2118 define open range in virtually identical terms.[1] The definition of open range was not an issue before the Court in *Adamson;* however, the discussion of the meaning of open range was both necessary and instructive in differentiating between statutory provisions relating to open range, where there is absolute immunity, and provisions relating to herd districts, in which there is immunity only if cattle are legally on

the road. *Adamson* makes it clear there is no third "hybrid" category for land outside of cities and villages.

This Court recognizes that, in interpreting the definition of open range in I.C. § 25–2118, "all parts of a statute should be given meaning," and the Court "will construe a statute so that effect is given to its provisions, and no part is rendered superfluous or insignificant." *Idaho Cardiology Associates, P.A. v. Idaho Physicians Network, Inc.,* 141 Idaho 223, 226, 108 P.3d 370, 373 (2005) (citations omitted). The Morelands' attempt to create a three-part test for open range immunity from I.C. § 25–2118, however, does not square with the statutory language. Neither does it square with the companion herd district statutes or the historical meaning of open range under Idaho law. To read "uninclosed" as a requirement that open range land contain no fences is to create a test that is unworkable and could not have been intended by the legislature in adopting this statutory scheme. In contrast to a rule that all land outside cities, villages and herd districts is open range, courts would be analyzing cases on a very fact specific basis. Courts would be forced to ask: what type of fence makes land enclosed; is immunity lost only when the livestock owner, as opposed to anyone else, erects a fence; must the fence enclose cattle and be gated; does a fence erected for any purpose render the land no longer "uninclosed"? As a policy matter, requiring that land contain no fences whatsoever in order to qualify as open range would discourage ranchers from erecting fences, for any purpose, on open range land, lest they waive their open range immunity. Further, the herd district provisions would be meaningless, with de facto herd districts created anytime a fence was constructed, thereby shifting liability to livestock owners for damage caused by unfenced animals. The statutory reading the Morelands propose violates Idaho's historical policy that open range land is "fence out." Indeed, the Morelands would construe the statute to violate the inherent

1. Under I.C. § 25–2402, "[o]pen range means all uninclosed lands outside cities and villages upon which by custom, license or otherwise, livestock, excepting swine, are grazed or permitted to roam." I.C. § 25–2402(3).

presumption of Idaho's "fence out"/"fence in" system that both open range and herd districts will contain fences, with the difference lying in the purpose the fencing serves.

There is no indication the legislature intended to define open range differently for purposes of motor vehicle collisions, as opposed to damage to land. The better reading of I.C. § 25–2118, and the reading this Court adopts, complies with the interpretation in *Adamson* of almost identical language in I.C. § 25–2402. Meaning can be given to the statute's use of the words "uninclosed" and "upon which cattle ... are grazed or permitted to roam." "Uninclosed" indicates that open range immunity does not protect a livestock owner against liability for damage done by livestock when a landowner does "fence out" livestock off his property. In such a situation, a landowner is still entitled to damages even though the land is in open range; this is the very meaning of "fence out." Similarly, the statutory reference to land "upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam," is a recognition that the "fence out" rule prevails in Idaho, and that where a herd district has not been established, cattle are customarily permitted to roam. The definition of open range in I.C. § 25–2118 indicates that open range is as it always has been, reaffirming the historic right of landowners on open range to fence out livestock from their property. To the extent our conclusion conflicts with the limited analysis of I.C. § 25–2118 in *Soran v. Schoessler*, 87 Idaho 425, 394 P.2d 160 (1964), that case is overruled.

In this case, it is uncontroverted that the site of the collision fell outside any city, village, or herd district. The district court was correct in concluding that the land was open range, and that the Adamses were entitled to summary judgment based on open range immunity. Because we conclude that the district judge applied the correct standard for finding open range immunity, there is no need to evaluate the Morelands' claims that the judge did not make findings on the three-prong test and improperly placed on them the burden of meeting that test. The judge correctly placed the burden of proof on the Adamses to demonstrate the land fell outside a city, village, or herd district. Consequently, no genuine issue of material fact remains, and summary judgment was appropriately granted.

## IV.

## CONCLUSION

The district court correctly concluded that the site of the collision in this case was on open range land, and that the Adamses were entitled to immunity. The district court's grant of summary judgment is affirmed. We award costs on appeal to the Adamses.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.

