# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 52102

CITY OF IDAHO FALLS, CITY OF
POCATELLO, CITY OF BLISS, CITY OF
BURLEY, CITY OF CAREY, CITY OF
DECLO, CITY OF DIETRICH, CITY OF
GOODING, CITY OF HAZELTON, CITY
OF HEYBURN, CITY OF JEROME, CITY
OF PAUL, CITY OF RICHFIELD, CITY OF
RUPERT, CITY OF SHOSHONE, and CITY
OF WENDELL,

    Petitioners-Appellants,

v.

IDAHO DEPARTMENT OF WATER
RESOURCES, and MATHEW WEAVER, in
his capacity as the Director of the Idaho
Department of Water Resources,

    Respondents-Respondents on Appeal,

and

IDAHO GROUND WATER
APPROPRIATORS, A&B IRRIGATION
DISTRICT, BURLEY IRRIGATION
DISTRICT, MILNER IRRIGATION
DISTRICT, NORTH SIDE CANAL
COMPANY, TWIN FALLS CANAL
COMPANY, AMERICAN FALLS
RESERVOIR DISTRICT #2, MINIDOKA
IRRIGATION DISTRICT, BONNEVILLE-
JEFFERSON GROUND WATER
DISTRICT, and BINGHAM
GROUNDWATER DISTRICT,

    Intervenors-Respondents.

IN THE MATTER OF THE
DISTRIBUTION OF WATER TO VARIOUS
WATER RIGHTS HELD BY AND FOR

Boise, October 2025 Term

Opinion filed: February 25, 2026

Melanie Gagnepain, Clerk

SUBSTITUTE OPINION. THE
COURT'S PRIOR OPINION
DATED DECEMBER 31, 2025 IS
HEREBY WITHDRAWN.

| THE BENEFIT OF THE A&B | ) |
| IRRIGATION DISTRICT, AMERICAN | ) |
| FALLS RESERVOIRS DISTRICT NO. 2, | ) |
| BURLEY IRRIGATION DISTRICT, | ) |
| MILNER IRRIGATION DISTRICT, | ) |
| MINIDOKA IRRIGATION DISTRICT, | ) |
| NORTH SIDE CANAL COMPANY, and | ) |
| TWIN FALLS CANAL COMPANY. | ) |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Eric J. Wildman, District Judge.

The appeal from the district court's decision upholding the Director's order is dismissed for lack of jurisdiction.

Somach Simmons & Dunn, Boulder, Colorado, for Appellants City of Pocatello, City of Idaho Falls and the Coalition of Cities. Maximillian C. Bricker argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent Idaho Department of Water Resources. Garrick L. Baxter argued.

Parsons Behle & Latimer, Boise, for Respondents Surface Water Coalition. Abigail R. Bitzenburg argued.

_____

MOELLER, Justice.

This appeal concerns a final order of the Director of the Idaho Department of Water Resources ("the Director") modifying the data and modeling used to determine material injury to senior surface water rights holders in the Eastern Snake Plain Aquifer ("ESPA"). The Petitioners, representing the City of Idaho Falls, City of Pocatello, and 14 smaller cities calling themselves "the Coalition of Cities,"[1] all hold junior ground water rights in the ESPA. The Petitioners will be referred to collectively as "the Cities." The Cities sought judicial review of the Director's Post-Hearing Order in the Snake River Basin Adjudication ("SRBA") district court, naming the Idaho Department of Water Resources ("IDWR") and the Director as respondents. The district court affirmed the Director's order. The Cities then appealed to this Court. For the reasons set forth herein, we hold that the Cities failed to appeal the order that is currently in effect; therefore, we have no jurisdiction to award the relief they request.

_____

[1] The Coalition of Cities includes the cities of Bliss, Burley, Carey, Declo, Dietrich, Gooding, Hazleton, Heyburn, Jerome, Paul, Richfield, Rupert, Shoshone, and Wendell.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Surface Water Coalition ("the SWC") represents a group of irrigators located in the ESPA area that diverts surface water from the Snake River. In 2005, the SWC initiated a delivery call against junior ground water users pumping from the ESPA. The SWC maintains that, due to the hydrologic connection between the aquifer and the Snake River, when holders of junior ground water rights pump from the aquifer, it reduces the water available to senior holders of surface water rights. The SWC delivery call has continued since 2005 and requires ongoing annual evaluation by the Director to determine whether ground water pumping from the ESPA will cause material injury to the SWC. In response to the call, the Director issued the First Methodology Order[2] in 2010, which designated the procedures, data, and models it would apply in making a material injury determination. A finding of material injury may result in a curtailment order for junior ground water users unless they submit and receive approval for a mitigation plan. IDAPA 37.03.11.010.15; *see also* IDAPA 37.03.11.042.02; 37.03.11.043.01.

The dispute in this case began with the "Fifth Amended Final Order Regarding Methodology for Determining Material Injury to Reasonable In-Season Demand and Reasonable Carryover" ("Fifth Methodology Order"), dated April 21, 2023, which the Director issued following a notice of preliminary technical revisions to the Fourth Methodology Order issued on December 23, 2022. The "purpose" of the Fifth Methodology Order was to "update the Director's methodology for determining material injury to storage and natural flow water rights either held by or committed to members of the SWC consistent with the Director's ongoing obligation to use the best available science and information." The order updated the existing models with recent data deemed reliable by the Director. Based on the methodology utilized in the Fifth Methodology Order, the Director issued a "Final Order Regarding April 2023 Forecast Supply" ("As-Applied Order") predicting an in-season shortfall of 75,200 acre-feet of water for the SWC during the 2023 irrigation year.

The Cities filed a demand for a hearing with the Director on April 28, 2023. The Cities identified various concerns supporting their request for a hearing, some of which included: the Director's failure to identify the SWC's irrigated acreage used in the determination of reasonable

---

[2] This order was originally entitled the "Final Order Regarding Methodology for Determining Material Injury to Reasonable In-Season Demand and Reasonable Carryover." Considering the five methodology orders that have since been issued, we will refer to the original order as the "First Methodology Order" to avoid confusion.

in-season demand; the Director's failure to consider Twin Falls Canal Company's ("TFCC") increase in diversions; the Director's failure to consider changes in the efficiency of the SWC's operations; and the Director's failure to consider all sources of supply available to the SWC. The Director denied subsequent requests by the Cities to appoint an independent hearing officer and to continue the hearing.

The hearing began on June 6, 2023, and ended on June 9, 2023. The Director later issued his decision on the Cities' appeal in his Post-Hearing Order Regarding Fifth Amended Methodology Order ("the Post-Hearing Order"), dated July 19, 2023. The order stated that "the Director affirms the Fifth Methodology Order with a few modifications. Because there are some modifications, the Director will simultaneously issue with this order a *Sixth Final Order Regarding Methodology for Determining Material Injury to Reasonable In-Season Demand and Reasonable Carryover*" (the "Sixth Methodology Order" or "Sixth Order"). (Italics in original). The Sixth Methodology Order specially states, "IT IS FURTHER ORDERED that this Sixth Methodology Order supersedes all previously issued methodology orders in this matter." (Capitalization in original).

On August 16, 2023, the Cities filed a petition for judicial review with the SRBA district court regarding the Director's Post-Hearing Order.[3] The petition stated that it "concern[ed] the Director's *Post-Hearing Order Regarding Fifth Amended Methodology Order*." The Cities designated the following issues for judicial review, "[w]hether the *Post-Hearing Order* violates all or some of the provisions of Idaho Code § 67-5279(3)"; "[w]hether the *Post-Hearing Order* wrongly concluded that Petitioners failed to provide 'clear and convincing' evidence that certain members of the [SWC] are irrigating fewer acres than the *Fifth Amended Methodology Order* claimed were being irrigated"; and "[w]hether the *Post-Hearing Order* wrongly concluded that Petitioners failed to provide 'clear and convincing' evidence that the use of water by certain members of the SWC is unreasonable." (Italics in original). The SWC members filed "Notice[s] of Appearance," which the district court treated as motions to intervene and granted the same on September 15, 2023.

---

[3] In a separate action, the Idaho Ground Water Appropriators ("IGWA") filed a petition for judicial review of the Sixth Methodology Order. On May 31, 2024, the SRBA district court issued its order affirming the Sixth Methodology Order in that separate appeal.

4

The Cities also filed a separate petition for a hearing with IDWR concerning its Sixth Methodology Order, but the Director denied the petition. In the order denying the Cities' petition, the Director acknowledged that methodology orders are subject to review, but that the Cities did not have "a right to a revolving door of administrative hearings" not predicated on new information or analyses. The Cities have not challenged that order.

The district court issued its memorandum decision and order on the Cities' petition on May 31, 2024, affirming the Director's Post-Hearing Order. Specifically, the district court affirmed the Director's conclusions that: (1) the TFCC's forecast supply was based on substantial evidence; (2) the use of 2018 as the baseline year to predict reasonable in-season demand was permissible; (3) the Director's determination of TFCC's irrigated acres; (4) the determination that TFCC operates efficiently within the limits of its delivery system was correct; (5) the use of a transient-state simulation of the Eastern Snake Plan Aquifer Model was proper; and (6) the use of the clear and convincing evidence standard to evaluate challenges to the methodology order was proper. The court also found the Director did not prejudice the Cities' substantial rights. The district court's final judgment, also dated May 31, 2024, stated: "The Post-Hearing Order Regarding Fifth Amended Methodology Order dated July 19, 2023, is hereby affirmed."

The Cities filed their notice of appeal to this Court on July 12, 2024, requesting remand of the Director's Post-Hearing Order and the Sixth Methodology Order.

## II.     STANDARDS OF REVIEW

The Idaho Administrative Procedure Act, chapter 52, title 67, Idaho Code, governs judicial review of the Director's final orders. I.C. § 42-1701A(4). It provides that a reviewing court

> shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
>
> (a) in violation of constitutional or statutory provisions;
>
> (b) in excess of the statutory authority of the agency;
>
> (c) made upon unlawful procedure;
>
> (d) not supported by substantial evidence on the record as a whole; or
>
> (e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3) (Supp. 2023). Further, a petitioner must show that one of its substantial rights has been prejudiced. I.C. § 67-5279(4).

This Court reviews the agency's record independently to determine whether the district court correctly decided the issues presented to it. *Rangen, Inc. v. Idaho Dep't of Water Res.*, 159

5

Idaho 798, 804, 367 P.3d 193, 199 (2016), *abrogated on other grounds by 3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 509 P.3d 1180 (2022). "This Court will not consider issues that were not raised before the district court even if those issues had been raised in the administrative proceeding." *Clear Spring Foods, Inc. v. Spackman*, 150 Idaho 790, 797, 252 P.3d 71, 78 (2011) (quoting *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 209, 159 P.3d 840, 845 (2007)).

"This Court freely reviews questions of law." *Grace at Twin Falls, LLC v. Jeppesen*, 171 Idaho 287, 291, 519 P.3d 1227, 1231 (2022) (quoting *Rangen, Inc.*, 160 Idaho at 255, 371 P.3d at 309). Once such question of law is jurisdiction. We have recently reiterated that "[w]hether a court lacks jurisdiction is a question of law that is freely reviewed by this Court." *Idaho Dep't of Health & Welfare v. Jane Doe (2022-36)*, 171 Idaho 692, 695, 525 P.3d 730, 733 (2023). Similarly, "[j]usticiability issues, such as mootness, are freely reviewed." *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). "This Court is obliged to raise mootness sua sponte because it is a jurisdictional issue." *Idaho Dep't of Health & Welfare v. Jane Doe (2024-04)*, 174 Idaho, 401, 412–13, 555 P.3d 1091, 1102–03 (2024), quoting *Webb v. Webb*, 143 Idaho 521, 524, 148 P.3d 1267, 1270 (2006).

### III.    ANALYSIS

**A. The Cities have failed to invoke this Court's jurisdiction to grant the relief they are seeking because they did not appeal the Sixth Methodology Order.**

"One of the basic requirements [for judicial review of an agency's final order] is identification of the order being challenged in a timely petition for judicial review." *S. Valley Ground Water Dist. v. Idaho Dep't of Water Res.*, 173 Idaho 762, 797, 548 P.3d 734, 769 (2024) (citing I.C. § 67-5273(2)). "Failure to timely challenge a final order 'is jurisdictional,' barring review of that order entirely." *Id.* (quoting *City of Eagle v. Idaho Dep't of Water Res.*, 150 Idaho 449, 454, 247 P.3d 1037, 1042 (2011)).

The Director issued his Post-Hearing Order and the Sixth Methodology Order on July 19, 2023. The Cities filed their petition for judicial review with the district court 28 days later, on August 16, 2023. Critically, every issue listed within the Cities' "Statement of Issues for Judicial Review" section only pertains to the Post-Hearing Order. The petition only mentions the existence of the Sixth Methodology Order once in the "Statement of the Case" as a factual matter.

The Director and the SWC argue that, even if the Cities prevailed on their substantive arguments, this Court cannot remand the Sixth Methodology Order because the Cities only

challenged the Post-Hearing Order, which addresses the Fifth Methodology Order, in their petition for review to the district court. Both Respondents point this Court to recent caselaw where we construed the Idaho Administrative Procedure Act as barring review of an order that a water district failed to challenge in the district court. *S. Valley Ground Water Dist.*, 173 Idaho at 797, 548 P.3d at 769 ("Idaho Code [section] 67-5273(2) confines the courts' jurisdiction to those petitions filed within the prescribed time period." (citation omitted)). The Cities acknowledge that, although they sought review of the Sixth Methodology Order at the agency level, they did not seek review of the Sixth Methodology Order in the district court.

Based on the contents of the Cities' petition for review, as well as their appellate filings before us now, this Court cannot grant the Cities the relief they are requesting—remand of the Sixth Methodology Order. Because they failed to directly challenge the Sixth Methodology Order in their petition for review at the district court, we cannot remand it for further consideration even if we deemed that order to be improper. Moreover, based on this oversight, the Cities can no longer file a timely petition for review of that order under Idaho Code section 67-5273(2), which provides that "[a] petition for judicial review of a final order . . . must be filed within twenty-eight (28) days of the service date of the final order . . . ."

We were faced with a similar predicament in *A&B Irrigation District v. Spackman*, 155 Idaho 640, 315 P.3d 828 (2013). The Director issued two separate orders—one after the administrative hearing and a separate, final order incorporating the "refinements" to the methodology based on that hearing. *Id.* at 654–55, 315 P.3d at 842–43. Ironically, the SWC, a respondent in the case now before us, sought review of an order it failed to object to in the underlying action. This Court held that the SWC's failure to petition for review of the final order within 28 days of its service, or even object to the final order at the district court, was fatal to its case because the issue was not preserved for appeal. *Id.*

The Cities concede that they "did not explicitly appeal [the Sixth Order]." However, the Cities argue that the "errors" in the Fifth and Sixth Methodology Orders are identical and that it "makes no practical difference if one is remanded while the other is not." This argument, notwithstanding the practicalities behind it, does not provide a path around the requirements of Idaho Code sections 67-5271 through 67-5279 because an appeal must be taken from the operative order. *A&B Irrigation Dist.*, 155 Idaho at 654–55, 315 P.3d at 842–43. Here, although the Post-Hearing Order outlines the modifications needed in the Fifth Methodology Order, it was the Sixth

7

Methodology Order that adopted the modifications and, by its own terms, expressly "supersedes all previously issued methodology orders" in the SWC delivery call. Thus, the only operative order is the Sixth Methodology Order, and it has not been challenged.

Our application of the Idaho Code and principles of appellate jurisdiction to the administration of water appeals is not new. In *South Valley Ground Water District*, the water districts argued that the Director's order denying their mitigation plan was properly before this Court because (1) the mitigation order was included in the supporting material filed with the district court on review for a separate issue, (2) the water districts' timely objection to another issue sufficiently interacted with the mitigation order the districts sought to appeal, and (3) the earlier petition to the district court that contested procedural due process also applied to the mitigation order. *S. Valley Ground Water Dist.*, 173 Idaho 762, 797, 548 P.3d 734, 769 (2024). However, we declined to review the order rejecting the mitigation plan for the same reasons we have expressed here. Like the Cities in this case, the appellants in *South Valley Ground Water District* petitioned the district court for review of a different agency order than the one they challenged on appeal to this Court.

Simply put, notwithstanding the Cities' extensive briefing and oral argument that implicate the Sixth Methodology Order, they failed to actually appeal that order. The Cities suggest that the Director's and the SWC's argument that there is a distinction between the Fifth and Sixth Orders is "superfluous" because "it makes no practical difference if one is remanded while the other is not." However, it is a bedrock principle of appellate law that one seeking relief from an order must necessarily appeal *that* order. If the order appealed from is no longer in effect, the appeal is moot. Although there may only be minor differences between the Fifth and the Sixth Orders, only the Sixth Methodology Order is currently in effect, and it has not been appealed. Accordingly, this Court does not have jurisdiction to grant the Cities' requested relief—a remand of the Sixth Methodology Order—and an appeal of that order is no longer timely under Idaho Code section 67-5273(2).[4]

In light of this ruling, we cannot address the remaining issues on appeal. Therefore, we will not review the district court's decision upholding the Post-Hearing Order or decide whether the

---

[4] It is worth noting that, in a separate action brought by IGWA regarding this same delivery call, it specifically petitioned the district court for review of the Sixth Methodology Order. IGWA entered a stipulated mitigation plan to resolve the appeal before a decision was rendered.

Cities have established prejudice to a substantial right, whether the Cities' claims regarding the TFCC's acreage are moot, and whether the Director's conclusions were supported by substantial evidence. We also leave to another day the Cities' suggestions that this Court should abandon the "clear and convincing evidence" standard generally applied in reviewing challenges to a methodology order brought by junior water rights holders. We acknowledge that these are important questions of great concern, but the Cities have failed to properly invoke our jurisdiction to consider them.

### B. Attorney Fees

IDWR and the SWC have requested attorney fees on appeal pursuant to Idaho Code section 12-117(1). That statute allows for an award of attorney fees to the prevailing party "in any proceeding involving as adverse parties a state agency or a political subdivision and a person" if "the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). We have explained that this Court will award attorney fees to the prevailing party under Idaho Code section 12-117 if "the case was brought, pursued or defended frivolously, unreasonably or without foundation." *Coeur d'Alene Tribe v. Denney*, 161 Idaho 508, 525–26, 387 P.3d 761, 778–79 (2015) (quoting *Nation v. State, Dep't of Corr.*, 144 Idaho 177, 194, 158 P.3d 953, 970 (2007)). Fees may be awarded to the state agency, political subdivision, or the person if the nonprevailing party against whom the judgment is rendered "acted without a reasonable basis in fact or law." *S Bar Ranch v. Elmore County*, 170 Idaho 282, 313, 510 P.3d 635, 666 (2022) (quoting I.C. § 12-117(1)).

IDWR argues that it is entitled to fees because the Cities have not raised an issue of first impression and did not make a good faith argument for extension of the law. However, the primary problem with IDWR's argument is that section 12-117(1) requires that one of the adverse parties be a "person" as defined by Idaho Code section 12-117(6)(c). Here, the Cities are not persons as defined in this statute—they are "political subdivisions." I.C. § 12-117(6)(d) (" 'Political subdivision' means a city . . . ."). Thus, although Idaho Code section 12-117(4) might apply here, section 12-117(1) does not. Because Idaho Code section 12-117(1) was the sole basis upon which IDWR sought fees, we cannot award fees to IDWR.

We reject the SWC's request for attorney fees on two grounds. First, we have previously ruled that a "person" may not recover fees from another "person" under Idaho Code section 12-117(1) merely because of the presence of a governmental entity in the litigation; the person seeking fees must be adverse to the governmental entity. *Citizens Against Linscott/Interstate Asphalt Plant*

*v. Bonner Cnty. Bd. of Comm'rs*, 168 Idaho 705, 720–21, 486 P.3d 515, 530–31 (2021). In addition, an *intervenor* must also be adverse to the governmental entity to recover fees under Idaho Code section 12-117(1). *Sullivan v. Blaine County*, 174 Idaho 459, 469–70, 556 P.3d 1282, 1292–93 (2024) (explaining that the intervenor, although a prevailing party, could not recover fees under Idaho Code section 12-117(1) because she was "on the same side as the county," which failed to satisfy the requirements of the statute). Accordingly, to recover attorney fees under Idaho Code section 12-117(1), a private party-intervenor must (1) prevail in the appeal, (2) be adverse to the governmental entity in the appeal, and (3) the nonprevailing party must have brought the appeal "without a reasonable basis in fact or law." In the underlying dispute, the SWC is an "intervenor" and has argued the same position as IDWR, which is "the most obvious indicator that the two are not adverse." *Neighbors for Responsible Growth v. Kootenai County*, 147 Idaho 173, 177, 207 P.3d 149, 153 (2009). Therefore, we deny the SWC's request for fees under section 12-117(1) because it has intervened on the side of a state agency.

Second, as explained in our analysis of IDWR's request for attorney fees, section 12-117(1) does not apply to this appeal because both parties are a "state agency" or a "political subdivision." Neither party is a person, which is a prerequisite for section 12-117(1) to apply. Thus, we deny the SWC's request for fees because the sole legal basis supporting its request is inapplicable to this appeal.

However, as the prevailing parties, IDWR and the SWC are both entitled to recover their costs under Idaho Appellate Rule 40(a) as a matter of course.

## IV.    CONCLUSION

For the reasons set forth above, we dismiss the Cities' appeal for lack of jurisdiction. Costs on appeal are awarded to IDWR and the SWC.

Chief Justice BEVAN, Justices BRODY, ZAHN, and MEYER CONCUR.